■ BLANCHE DARATANY, Also Known as BLANCHE PAREJA, Respondent, v DENNIS DARATANY, Appellant. [795 NYS2d 601]—

In a matrimonial action in which the parties were divorced by judgment dated August 27, 1986, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Marks, J.H.O.), dated March 15,

2004, as, after a hearing, denied his motion to vacate his child support obligation, to set aside and vacate the child support provisions of a stipulation of settlement and the judgment of divorce or, in the alternative, to modify the judgment to reduce his child support obligation, awarded the plaintiff child support arrears in the sum of $94,390.59, and directed payment of $66.66 per week in child support for the parties' son, George Daratany, until July 8, 2006.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the child support provisions of the stipulation of settlement and the judgment of divorce, and the award of arrears are vacated.

The parties were divorced by judgment dated August 27, 1986. The judgment incorporated but did not merge the terms of an oral stipulation of settlement entered into by the parties on July 11, 1986. Both the stipulation and the judgment provided, inter alia, that the defendant pay the plaintiff maintenance and child support for the parties' three children. The stipulation and judgment further provided for the immediate listing and sale of the former marital residence, for equal division of the net sale proceeds between the parties and that, pending sale thereof, the plaintiff would have sole occupancy of the former marital residence.

In June 1994, the parties signed a modification agreement (which they termed a "Verified Motion and Stipulation"). It provided, in substance, that in exchange for the defendant's conveyance of his remaining interest in the former marital residence, his obligation for child support "past and future" was terminated. The defendant delivered a deed in July 1994 conveying his interest in the former marital residence to the plaintiff and her present husband.

In 2003 the plaintiff asserted that she was owed child support arrears. In response, the defendant brought the instant motion. While the plaintiff opposed the defendant's motion, she did not affirmatively seek relief (see CPLR 2215).

As to the defendant's support obligation which allegedly accrued before June 1994, the Judicial Hearing Officer determined that the conveyance pursuant to the modification agreement satisfied such obligation in toto. That determination has not been appealed by the plaintiff.

Here, as in Matter of O'Connor v Curcio (281 AD2d 100, 103 [2001]), the parties identified the consideration, to wit, the defendant's interest in the former marital residence, paid by the defendant to the plaintiff for the plaintiff's relinquishment of future child support. The 1994 modification agreement was

not executory but fully performed and the parties are bound by its terms. Accordingly, the defendant's child support obligation should have been vacated as to the period after June 1994. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.