■ In the Matter of MIOSOTIS FELIZ, Respondent, v JULIO CESAR ROJAS, Appellant. [800 NYS2d 187]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1) from an order of the Family Court, Westchester County (Jordan, S.M.), dated October 3, 2003, which directed the entry of a money judgment in favor of the mother in the sum of $3,112, (2) as limited by his brief, from so much of an order of the same court (Jordan, S.M.), entered October 6, 2003, as found that he willfully violated a child support order, (3) from an order of the same court (Jordan, S.M.), entered March 8, 2004, which denied his motion to dismiss a second petition, filed December 12, 2003, alleging a willful failure to pay court-ordered child support, and to recuse the Support Magistrate, (4), as limited by his brief, from stated portions of an order of the same court (Jordan, S.M.), entered July 23, 2004, which, inter alia, in effect, granted the mother's December 12, 2003, violation petition and recommended that he be incarcerated for a period of 30 days, (5) from an order of the same court (Jordan, S.M.), dated July 22, 2004, directing the entry of a money judgment in favor of the mother in the sum of $3,541.32, and (6) from an order of the same court (Morales-Horowitz, J.), entered December 15, 2004, which, in effect,

confirmed the order entered July 23, 2004, and denied his objections to the order dated July 22, 2004.

Ordered that the appeals from the orders dated October 3, 2003, entered October 6, 2003, entered March 8, 2004, entered July 23, 2004, and dated July 22, 2004; are dismissed, without costs or disbursements; and it is further,

Ordered that the order entered December 15, 2004, is affirmed, without costs or disbursements.

The appeal from the order dated October 3, 2003, must be dismissed, as there is no indication that objections were ever filed as required by statute (see Family Ct Act 439 [e]). The appeal from the order entered October 6, 2003, must be dismissed, as the finding of willfulness was not confirmed as required by the Family Court (see Family Ct Act 439 [a]). The appeal from the order entered March 8, 2004, must be dismissed, as it is a nondispositional order and leave to appeal has not been granted (see Family Ct Act § 1112). The appeals from the orders entered July 23, 2004, and dated July 22, 2004, must be dismissed, as those orders were superseded by the order entered December 15, 2004.

The Family Court correctly determined that the father willfully violated the order of support. The father's concession at the hearing that he did not comply with the order of support constituted prima facie evidence of a willful violation (see Family Ct Act 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Giordano v Giordano, 259 AD2d 701 [1999]). The burden then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, supra at 69-70; Matter of Powers v Horner, 12 AD3d 609 [2004]; Matter of Hold v Hold, 8 AD3d 279, 280 [2004]). Since the father failed to present any credible evidence demonstrating the necessity for paying certain expenses before his child support obligation, he failed to rebut the prima facie evidence of a willful violation (see Matter of Department of Social Servs. v Richard C., 250 AD2d 766 [1998]).

The father's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.