■ Elizabeth Burgaleta, Respondent-Appellant, v Eugene Burgaleta, Appellant-Respondent. [858 NYS2d 744]—In a matrimonial action in which the parties were divorced by judgment dated August 22, 1997, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated May 11, 2007, as, upon vacating the parties' stipulations regarding child support, denied his motion to transfer a pending Family Court proceeding to the Supreme Court, and transferred the matter back to the Family Court to determine his proper child support obligation, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]), without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant failed to establish that the Family Court Support Magistrate assigned to this matter exhibited bias against him or a disregard for the law, so as to warrant a transfer of the matter to the Supreme Court (*see generally Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.,* 28 AD3d 465 [2006]; *Spector v Spector,* 18 AD3d 380 [2005]; *Anonymous v Anonymous,* 287

AD2d 306 [2001]; *Matter of Storch v Storch,* 282 AD2d 845 [2001]; *Matter of Murdock v Murdock,* 183 AD2d 769 [1992]).

Given the Supreme Court's vacatur of the parties' original child support stipulations for failure to comply with Domestic Relations Law § 240 (1-b) (h) (*see Matter of Victorio v McBratney,* 32 AD3d 962 [2006]; *Warnecke v Warnecke,* 12 AD3d 502 [2004]), and its transfer of the matter to the Family Court Support Magistrate for a new determination as to child support, the Support Magistrate should consider all relevant circumstances in fixing the new award of child support (*see Matter of Williams v Chapman,* 22 AD3d 1015 [2005]; *Matter of O'Connor v Curcio,* 281 AD2d 100 [2001]).

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.