■ In the Matter of PAMELA CORRY, Respondent, v JON CORRY, Appellant. [875 NYS2d 87]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1) from findings of fact of the Family Court (Kaufman, S.M.), dated December 10, 2007, (2), as limited by his brief, from so much of an order of the same court, also dated December 10, 2007, as determined that he willfully violated a prior order of support, (3) from an order of the same court, also dated December 10, 2007, which directed the entry of a money judgment in favor of the mother in the sum of $14,646, and (4), as limited by his brief, from so much of an order of the same court (Apotheker, J.) dated January 28, 2008, as confirmed so much of the order dated December 10, 2007, as, after a hearing, determined that he willfully violated a prior order of support.

Ordered that the appeal from the findings of fact and the appeals from the orders dated December 10, 2007, are dismissed, without costs or disbursements; and it is further,

Ordered that the order dated January 28, 2008, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the findings of fact must be dismissed, as no appeal lies from findings of fact (*see* Family Ct Act § 1112). The appeal from so much of the order dated December 10, 2007, as determined that the father willfully violated a prior order of support must be dismissed, as that portion of the order was superseded by the order dated January 28, 2008. The appeal from the order directing the entry of a money judgment must be dismissed, as there is no indication that objections were ever filed as required by statute (*see* Family Ct Act § 439 [e]; *Matter of Feliz v Rojas,* 21 AD3d 373 [2005]).

The mother's proof that the father failed to pay child support as ordered constituted prima facie evidence of the father's will-

ful violation of the support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers,* 86 NY2d 63 [1995]; *Matter of Greene v Holmes,* 31 AD3d 760 [2006]). The father failed to rebut this prima facie evidence of willfulness by offering competent, credible evidence of his inability to pay (*see Matter of Powers v Powers,* 86 NY2d at 69-70; *Matter of Rawlins v Williams,* 27 AD3d 757 [2006]). Accordingly, the Family Court properly determined that he willfully violated the prior order of support. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.