In the Matter of ELIZABETH SAVINI, Respondent, v EUGENE BURGALETA, Appellant. (Proceeding No. 1.) In the Matter of EUGENE BURGALETA, Appellant, v ELIZABETH SAVINI, Respondent. (Proceeding No. 2.) [894 NYS2d 445]—

As the child support provisions in the parties' judgment of divorce dated August 22, 1997, were vacated by an order of the Supreme Court, Rockland County dated May 11, 2007, which was affirmed by decision and order of this Court dated May 20, 2008 (*see Burgaleta v Burgaleta*, 51 AD3d 842 [2008]), so much of the mother's petition as sought to enforce the child support provisions in the parties' judgment of divorce must be dismissed.

In a handwritten agreement dated April 19, 1997, the parties agreed, among other things, that starting with the January 28, 1998, payment the mother would accept the sum of $200 per week as child support. The agreement provided that the mother would not "file suit for any monies that would make up the difference between the child support percentage of 29% of [the father's] weekly income and the two hundred dollar weekly payment." This agreement was a valid waiver by the mother of her right to file suit to recover child support above the sum of $200 per week while the waiver was in effect. Since the father complied with the agreement, no arrears accrued while it was in effect. The mother validly withdrew from the agreement by filing her child support petition dated August 11, 2004 (*see Burgaleta v Burgaleta*, 51 AD3d 842 [2008]; *Daratany v Daratany*, 18 AD3d 496 [2005]; *Matter of O'Connor v Curcio*, 281 AD2d 100, 103 [2001]; *cf. Matter of Hang Kwok v Xiao Yan Zhang*, 35 AD3d 467 [2006]).

Contrary to the father's contentions, the Support Magistrate's determination of the amount of the father's weekly child support obligations accruing after the mother's August 11, 2004, filing of the support obligation petition, as well as the Support Magistrate's determinations as to other amounts owed the mother, were properly based upon the application of the 29% "child support percentage" (Family Ct Act § 413 [1] [b] [3] [iii]) to the combined parental income over $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [1], [2]; Family Ct Act § 413 [1] [b]

[3]; [c], [f]; *Cimons v Cimons,* 53 AD3d 125, 127 [2008]; *Matter of Spratt v Fontana,* 51 AD3d 1034 [2008]; *cf. Zaremba v Zaremba,* 222 AD2d 500 [1995]). Based upon the application of the 29% child support percentage, the father underpaid the total sum of $2,521.32 from November 8, 1996, through January 28, 1998, the effective date of the agreement. However, the total owed by the father for child support from August 11, 2004, until the date of the Support Magistrate's order was only $73,601.19, and the amount he actually paid during that time was $86,590.12, leaving an overpayment of $12,988.93. Deducting the underpaid sum of $2,521.32 from the overpaid sum of $12,988.93 leaves a total sum of $10,467.61 overpaid by the defendant. Deducting that sum from the total sum of $20,712.05 which the Support Magistrate directed the father to pay as counsel fees and costs, the father should be directed to pay the total sum of $10,244.44 as counsel fees and costs.

The father's remaining contentions either have been rendered academic or are without merit. Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.