■ RHONDA K. REYNOLDS, Appellant, v MICHAEL T. REYNOLDS, Respondent. [938 NYS2d 382]—

Rose, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father), the parents of two children (born in 1992 and 1996), were divorced in 2009. When Supreme Court (Krogmann, J.) issued the judgment of divorce, it also ordered the father to pay temporary child support and referred the mother's application for permanent child support to a Support Magistrate of the Family Court of Warren County. After a fact-finding hearing, the Support Magistrate (Huessi, S.M.) issued an order of perma-

nent support and the father timely filed written objections pursuant to the requirements of Family Ct Act § 439 (e). Without reaching the merits, however, Family Court denied the objections on the ground that the father should have taken a direct appeal to this Court from the Support Magistrate's order. Family Court also denied the father's motion to reargue this procedural point.

We agree with the father that Family Ct Act § 439 (e) requires a judge of the Family Court to review any objections made by the parties to a Support Magistrate's final order before an appeal may be taken pursuant to Family Ct Act article 11 (*see Matter of Corry v Corry*, 59 AD3d 618, 618 [2009]; *Commissioner of Social Servs. of City of N.Y. v Harris*, 26 AD3d 283, 286 [2006]; *Matter of Feliz v Rojas*, 21 AD3d 373, 374 [2005]; *Matter of Dambrowski v Dambrowski*, 8 AD3d 913, 914 [2004]). Contrary to Family Court's conclusion, this procedure is not altered by Family Ct Act § 464 (a), which permits Supreme Court to refer an application for support in a matrimonial action to Family Court and provides Family Court with jurisdiction to determine the application with the same powers possessed by Supreme Court (*see e.g. Rossiter v Rossiter*, 56 AD3d 1011, 1011 n 1 [2008]; *Zwickel v Szajer*, 47 AD3d 1157, 1157 [2008]).

While Supreme Court's referral here was to the Support Magistrate of the Family Court (*see* Family Ct Act § 464 [a]), Support Magistrates are a part of Family Court and are "empowered to hear, determine and grant any relief within the powers of [Family] [C]ourt" in specifically enumerated proceedings, including, as relevant here, support proceedings commenced upon referral pursuant to Family Ct Act article 4 (Family Ct Act § 439 [a]). Accordingly, Supreme Court was authorized to refer the application for permanent support directly to the Support Magistrate (*see* Family Ct Act § 464 [a]; *Burgaleta v Burgaleta*, 51 AD3d 842, 842 [2008]), the matter then became a Family Court support proceeding pursuant to Family Ct Act article 4, and the objections to the Support Magistrate's order should have been reviewed by Family Court prior to any appeal to this Court (*see* Family Ct Act § 439 [e]). We remit the proceeding for that purpose.

Inasmuch as the denial of the motion to reargue is not appealable (*see e.g. Matter of Jennifer G. v Benjamin H.*, 84 AD3d 1433, 1436 [2011]), we dismiss the appeal from that order.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order entered August 17, 2010 and the amended order entered September 20, 2010 are reversed, on the law, without costs, and matter remitted to the Family Court of

Warren County for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the order entered October 25, 2010 is dismissed, without costs.