■ In the Matter of ANDREA TERESS JORDAN, Appellant, v ANDREW MICHAEL HORSTMEYER, Respondent. [51 NYS3d 702]—

**[Vacated, *see* 2017 NYSlipOp 05888.]**

Devine, J. Appeals (1) from an order of the Family Court of Ulster County (Stegmayer, S.M.), entered August 4, 2015, which, in a proceeding pursuant to Family Ct Act article 4, among other things, awarded counsel fees to petitioner, and (2) from an order of said court (McGinty, J.), dated October 19, 2015, which denied petitioner's objections to the counsel fee award.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 2009). The child is in the care of the mother, and a support order issued in 2013 required the father to, among other things, reimburse the mother for 42% of her child care expenses.

The mother filed a petition in 2015 alleging that the father had willfully violated the 2013 order in that regard, seeking an award of arrears and counsel fees. The Support Magistrate, upon the parties' stipulation, found the father to be in willful violation of the 2013 order and directed judgment against him for $7,100 in arrears. The parties could not agree on an award

of counsel fees, instead requesting that the Support Magistrate resolve the issue on papers. The Support Magistrate then ordered the father to pay the mother $9,395.13 in counsel fees on an installment basis—less than the amount she was seeking—and failed to direct that the fee award be reduced to a judgment. The mother filed a notice of appeal seeking review of both that order and the subsequent Family Court order denying her objections to it.

The mother endeavors to appeal directly from the order of the Support Magistrate but, inasmuch as that order was superceded by the order of Family Court addressing her objections to it, she may not do so (*see Matter of Corry v Corry*, 59 AD3d 618, 618 [2009]; *Matter of Freedman v Horike*, 26 AD3d 680, 681 n [2006]; *Matter of Armstrong v Belrose*, 9 AD3d 625, 626 n 2 [2004]). As for that part of the mother's appeal relating to the order of Family Court, the record is devoid of proof that the order was ever entered or filed as required (*see* CPLR 2220 [a]; Family Ct Act §§ 165, 1118; *cf. Matter of Ryan v Nolan*, 134 AD3d 1259, 1261 n [2015]). Thus, "[s]ince the order was not 'entered and filed in the office of the clerk of the court where the action is triable,' the appeal is not properly before us at this time and must be dismissed" (*People v Davis*, 130 AD3d 1131, 1132 [2015], quoting CPLR 2220 [a]; *see* CPLR 5513 [a]; 5515 [1]; Family Ct Act § 1118; *People v Fuller*, 138 AD3d 1358, 1359 [2016]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the appeals are dismissed, without costs.