Matter of Kaloustian v Tsvetkov (2025 NY Slip Op 01367)

Matter of Kaloustian v Tsvetkov

2025 NY Slip Op 01367

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-11656
2023-11657
2023-11658
 (Docket No. F-4757-21/21A)

[*1]In the Matter of Valia Kaloustian, respondent,
v
Mihail Tsvetkov, appellant.

Carol Kahn, New York, NY, for appellant.
Valia Kaloustian, Middle Village, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Serena Rosario, S.M.), dated July 25, 2023, (2) an order of the same court (Serena Rosario, S.M.), also dated July 25, 2023, and (3) an order of the same court (Elizabeth L. Fassler, J.) dated November 2, 2023. The first order dated July 25, 2023, after a hearing, and upon findings of fact dated July 14, 2023, found that the father willfully violated the child support provisions of the parties' judgment of divorce and awarded the mother child support arrears in the principal sum of $18,350.80 and counsel fees. The second order dated July 25, 2023, directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $18,350.80. The order dated November 2, 2023, denied the father's objections to the first order dated July 25, 2023, and, in effect, confirmed the Support Magistrate's finding that the father willfully violated the child support provisions of the parties' judgment of divorce.
ORDERED that the appeals from the orders dated July 25, 2023, are dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated November 2, 2023, is affirmed, without costs or disbursements.
The parties, who have one child together, were divorced by a judgment of divorce entered January 27, 2020. The judgment of divorce, which incorporated but did not merge the terms of a stipulation of settlement dated June 27, 2019, directed the father to pay child support in the sum of $663 per month, as well as his pro rata share of, among other things, child care expenses. In June 2021, the mother filed a petition alleging that the father was in willful violation of the child support provisions of the judgment of divorce. Following a hearing, the Support Magistrate issued an order dated July 25, 2023, finding that the father willfully violated his child support obligation and awarded the mother child support arrears in the principal sum of $18,350.80 and counsel fees. In a second order, also dated July 25, 2023, the Support Magistrate directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $18,350.80 for child support arrears. In an order dated November 2, 2023, the Family Court denied the father's objections to the Support Magistrate's first order dated July 25, 2023, and, in effect, confirmed the Support [*2]Magistrate's finding of willfulness. The father appeals.
The father's appeal from the first order dated July 25, 2023, must be dismissed, as that order was superseded by the order dated November 2, 2023. The appeal from the second order dated July 25, 2023, which directed the entry of a money judgment in favor of the mother and against the father, must be dismissed, as there is no indication that objections to that order were ever filed (see Corry v Corry, 59 AD3d 618).
Evidence of a failure to pay support as ordered constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]), establishing the petitioner's direct case of willful violation and "shifting the burden to the respondent to produce competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Franco v Paez, 228 AD3d 656, 656-657 [internal quotation marks omitted]).
Here, the evidence of the father's failure to pay child support as ordered, which the mother presented at the hearing, constituted prima facie evidence of a willful violation of his child support obligations (see Matter of Martucci v Nerone, 223 AD3d 668, 669). The father failed to satisfy his burden, as he did not present competent, credible evidence that he made a reasonable and diligent effort to secure gainful employment to meet his child support obligations (see Matter of Franco v Paez, 228 AD3d at 657; Matter of Gomezpacheco v Decios-Santiago, 220 AD3d 692, 693).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly, in effect, confirmed the Support Magistrate's finding that the father willfully violated his child support obligation.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court