■ DENNIS O'MALLEY, Respondent, v ROSEMARY BARUCH, Appellant. [658 NYS2d 364] —In an action to recover damages for breach of a separation agreement, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered April 23, 1996, as, after a nonjury trial, was in favor of the plaintiff husband and against her in the principal sum of $132,288.53.

Ordered that the judgment is modified by deleting the provision thereof awarding the plaintiff husband the principal sum of $132,288.53; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of damages in accordance herewith.

The trial court's findings that the parties orally modified a separation agreement entered into between them in 1972, and that thereafter the oral modification was fully executed, were based on a fair interpretation of the evidence and rested in large measure on considerations relating to the credibility of the witnesses. Accordingly, these findings will not be disturbed on appeal (see, Fuller Co. v Kensington-Johnson Corp., 234 AD2d 265; Claridge Gardens v Menotti, 160 AD2d 544, 545; Matter of Poggemeyer, 87 AD2d 822, 823). General Obligations Law § 15-301 nullifies only an executory oral modification (see, Rose v Spa Realty Assocs., 42 NY2d 338, 343).

However, the trial court erred in awarding the plaintiff husband cash to reflect his proportionate interest in the outstanding balance of the purchase money mortgage received by the defendant wife at the time she sold the former marital residence. Paragraph 3 of the separation agreement provided: "[I]f [the net proceeds of the sale of the marital residence] shall be partly in cash and partly in purchase money mortgage, the Wife shall pay to the Husband his proportionate share of such excess cash and assign to him his proportionate interest in said mortgage."

Accordingly, pursuant to the terms of the separation agreement, the matter must be remitted for a determination as to the amount of payments received to date by the defendant wife on the purchase money mortgage. After crediting the defendant wife with $30,000 for her contribution toward the purchase price of the former marital residence, and $5,542.94

in closing costs, the plaintiff husband is entitled to one-half of the $80,000 cash payment received at closing, one-half of all payments received to date by the defendant wife on the purchase money mortgage, and a one-half interest in the outstanding balance thereof.

The defendant wife's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.