■ DIANE C. PARMIGIANI, Appellant, v DENNIS PARMIGIANI, Respondent. [672 NYS2d 912] —In an action for a divorce and

ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated April 25, 1997, as denied those branches of her motion which were for arrears of child support and maintenance and denied her application for upward modification of the child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to a judgment of separation dated March 23, 1982, the defendant husband was ordered to pay to the plaintiff wife $40 per week for maintenance and $120 per week for support of their three children. In April 1994 the wife commenced this action for a divorce and ancillary relief and subsequently moved, *inter alia*, for an award of arrears for child support and maintenance, claiming that the husband had not made payments owed to her under the judgment of separation. The husband claimed that in 1986, he and the wife agreed that the wife would not enforce payments owed pursuant to the judgment if he would give her savings bonds and any money that she needed. The wife admitted that she received the bonds, which were valued at approximately $14,000, but denied the existence of such an agreement. The Supreme Court denied those branches of the wife's motion which were for arrears for child support and maintenance, finding that the wife had waived her rights to child support and maintenance payments pursuant to the oral agreement.

The court's finding that the plaintiff expressly agreed to waive certain rights under the judgment of separation and accept different performance by the defendant was based on a fair interpretation of the evidence and was founded, in large part, upon consideration of the credibility of the witnesses (*cf., O'Malley v Baruch*, 239 AD2d 477). Accordingly, the court's determination should not be disturbed. Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.