■ ALBERT GALOTTI, Appellant, v SHEILA GALOTTI, Respondent. [672 NYS2d 924] —In a matrimonial action in which the parties were divorced by judgment entered March 9, 1993, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 11, 1997, as, upon reargument, adhered to an amended prior order of the same court, entered February 21, 1997, which, *inter alia,* after a hearing, granted the application of the defendant former wife for leave to enter a judgment in arrears in child support and attorney's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that the award of child support arrears should be reduced retroactively from the date that he claims one of the parties' children began residing with him instead of the defendant. However, the plaintiff was required to apply to the court for a modification of his child support obligation (*see, Matter of Rubenstein v Yosef,* 198 AD2d 359),

and is responsible for any arrears which accrued before he made his application (*see,* Domestic Relations Law § 240 [1]; *Matter of Rubenstein v Yosef, supra; Goldfarb v Goldfarb,* 175 AD2d 275; *Johnston v Johnston,* 115 AD2d 520).

The parties' separation agreement, which was incorporated into the judgment of divorce, provided that the parties were to be responsible for the children's college expenses in proportion to their respective incomes. Upon the plaintiff's claim that the defendant was not meeting her obligation, the court directed the plaintiff to provide his most recent Federal income tax return so each parties' actual obligation could be determined, and advised the plaintiff that sanctions would be imposed if he failed to comply. The plaintiff failed to comply, and gave no reasonable explanation for his noncompliance. Under these circumstances, it was not an improvident exercise of discretion for the court to direct the plaintiff to pay 100% of the college expenses, although the parties' agreement limited his obligation to 80% (*see,* CPLR 3126; *Soto v City of Long Beach,* 197 AD2d 615).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.