[724 NYS2d 171]

In the Matter of Anna O' Connor, Respondent, v James G. Curcio, Appellant.

Second Department, April 23, 2001

## APPEARANCES OF COUNSEL

*Certilman Balin Adler & Hyman,* East Meadow (*M. Allan Hyman* and *Meredith W. Ayres* of counsel), for appellant.

*Schoenfeld & Peters, L. L. P.,* Roslyn Heights (*Richard B. Schoenfeld* of counsel), for respondent.

## OPINION OF THE COURT

GOLDSTEIN, J.

At issue is whether a party may waive child support payments that are due pursuant to an agreement, order, or judgment. We hold that child support payments may be waived prospectively, before the obligation to make such payments has accrued.

The facts are undisputed. In 1988 the parties entered into a stipulation of settlement which was incorporated but not merged in their judgment of divorce. That stipulation provided that the parties' child would live with the mother, and the father would pay $400 per month in child support. The stipulation was signed and acknowledged by the parties in compliance with Domestic Relations Law § 236 (B) (3), which provides, in pertinent part:

> "An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded."

The stipulation provided that "[n]o modifications, waiver or termination of any of the terms of this stipulation shall be valid unless in writing and executed with the same formality as this agreement."

Thereafter, the parties agreed, in court, to increase child support to $270 semimonthly. That new award was incorporated in an order dated February 26, 1992.

On January 31, 1995, the parties entered into a written agreement, signed but not acknowledged, providing that the

child would reside with the father, and the father would assume all financial responsibility for the child, including the remaining cost of the child's orthodontic treatment. The agreement further provided that if the child decided to return to live with her mother, child support payments of $540 per month would resume. The agreement stated "[t]his arrangement will be for a trial period ending June 1996," but "[i]f she remains and the above arrangement seems satisfactory, then it will continue."

From February 1995 until April 1999 the child lived with the father for 42 months, and lived with the mother for the remaining months. Whenever the child returned to live with the mother, the father paid child support. In April 1999 the mother commenced this proceeding to recover arrears of child support, claiming she was owed $540 per month for the 42 months when the child lived with the father. At the hearing on the petition, the mother acknowledged that the child lived with the father "[o]ff and on" pursuant to the terms of that agreement until the November before the date she commenced this proceeding.

The Hearing Examiner granted the mother the relief she requested. In so doing, the Hearing Examiner found that the written agreement dated January 31, 1995, between the parties was not a valid opting-out agreement under the Child Support Standards Act (hereinafter CSSA), since it did not state that the parties were advised of the terms of the CSSA and the amount that the mother would be required to pay when the child lived with the father (see, Domestic Relations Law § 240 [1-b] [h]). On the question of waiver, the Hearing Examiner noted that the Legislature, by statute, has prohibited the cancellation of arrears once they have accrued (see, Family Ct Act § 451), therefore it was unnecessary to consider "the continued viability of a waiver defense."

There is a distinction between a modification agreement and a waiver. A modification agreement "is binding according to its terms and may only be withdrawn by agreement" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184). A waiver, on the other hand, "requires no more than the voluntary and intentional abandonment of a known right" (*Nassau Trust Co. v Montrose Concrete Prods. Corp., supra*, at 184). A waiver "to the extent that it has been executed, cannot be expunged or recalled * * * but, not being a binding agreement, can, to the extent that it is executory, be withdrawn" (*Nassau Trust Co. v Montrose Concrete Prods. Corp., supra*, at 184).

An agreement which does not satisfy the prerequisites of a legally binding modification agreement may nonetheless constitute a valid waiver, which cannot be withdrawn once the parties have performed in accordance with its terms (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp., supra; Rupert v Rupert,* 245 AD2d 1139, 1141). Further, a contractual provision which sets forth requirements for a legally enforceable waiver may itself be waived (*see, American Bag & Metal Co. v Alcan Aluminum Corp.,* 115 AD2d 958, 959; *Gresser v Princi,* 128 AD2d 752).

The mother contends that the 1995 agreement is unenforceable because it was not acknowledged, citing *Matisoff v Dobi* (90 NY2d 127, 133-134), which held that "Domestic Relations Law § 236 (B) (3) requires acknowledgment for a valid, enforceable marital contract." However, the father does not contend that the 1995 agreement was a valid modification agreement. Moreover, the question of whether the agreement was a valid opting-out agreement is not relevant here, since the father is not seeking child support from the mother pursuant to the CSSA. The issue before us is whether the 1995 agreement constituted an enforceable waiver of child support payments.

Under prior law, it was well settled that "[a] custodial parent's right to collect child support payments pursuant to court order [was] subject to waiver, both express and implied" (*Matter of Dox v Tynon,* 90 NY2d 166, 174; *Maule v Kaufman,* 33 NY2d 58). In *Maule v Kaufman* (*supra,* at 61), the defense of waiver was described as "substituted support":

> "[I]f a child is supported by its mother or a third person who acted without any claim or expectation of reimbursement, the husband's support obligation is deemed satisfied * * * [W]hether the support was given gratuitously, without expectation of reimbursement, is a crucial question of fact * * * In no instance where the person furnishing substituted support has made demands upon the father to comply with his obligation, has it been found that the substituted support was given gratuitously, without expectation of reimbursement."

Thus, the defense of waiver was based upon the assumption that the child was receiving adequate support from another source (*see, Swanton v Curley,* 273 NY 325).

The failure to demand payment was deemed of crucial significance (*see, Maule v Kaufman, supra,* at 61). More than mere

silence was necessary (*see, Thompson v Lindblad,* 125 AD2d 460, 461). Proof was required that the failure to make a demand demonstrated "a voluntary and intentional relinquishment of a known and otherwise enforceable right" (*Barringer v Donahue,* 168 AD2d 406, 407). An express waiver, by oral agreement, to accept lesser payments, and acceptance of lesser payments without protest or further demand, was clearly sufficient to relieve a party of the obligation to pay child support (*see, Axelrad v Axelrad,* 285 App Div 903, *affd* 309 NY 687).

In 1986 the Legislature amended the Domestic Relations Law and Family Court Act to preclude the cancellation of child support arrears, once they have accrued (L 1986, ch 892). Family Court Act § 451 was amended to specifically provide that the court "shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section." Domestic Relations Law § 244 was amended to provide that "[u]pon application the court shall make an order directing the entry of judgment for the amount of arrears of child support." The Governor's Approval Memorandum noted that the amendment "precludes 'forgiveness' of child support arrears to ensure that respondents are not financially rewarded for failing either to pay the order or to seek its modification" (Governor's Mem Approving L 1986, ch 892, 1986 NY Legis Ann, at 361).

In *Matter of Dox v Tynon* (90 NY2d, *supra,* at 175-176), the Court of Appeals held that the amendments precluding the cancellation of arrears, once they have accrued, precluded an implied waiver of outstanding arrears of child support. The Court noted:

> "Indeed, to allow such an implied waiver of child support arrears would permit what the various amendments to the support enforcement scheme expressly sought to prohibit: retroactive modification of child support arrears" (*Matter of Dox v Tynon, supra,* at 176).

The Court of Appeals specifically stated that it was not reaching the question of whether there can be a waiver of future child support payments (*see, Matter of Dox v Tynon, supra,* at 175). The Court noted that "where the parties reach an agreement altering support obligations," it can be argued that "subsequent nonpayment" does not constitute a default, and no arrears accrue (*Matter of Dox v Tynon, supra,* at 175). When future child support payments are waived, no arrears accrue,

and the statutory amendments precluding the cancellation of arrears are inapplicable.

The law is well settled that a mere change in custody is insufficient to constitute a waiver of child support (*see, Galotti v Galotti,* 251 AD2d 285; *Howfield v Howfield,* 250 AD2d 573). Such is the case, even if the change of custody is pursuant to court order (*see, Matter of Rubenstein v Yosef,* 198 AD2d 359, 360).

However, this Court has held that a party may expressly waive future child support payments by agreement. In *Parmigiani v Parmigiani* (250 AD2d 744), the father contended that the parties orally agreed that the mother would waive child support payable pursuant to the terms of a judgment of separation in exchange for certain savings bonds. The mother admitted that she received the bonds, but denied the existence of an oral agreement. The court credited the father's testimony, and denied the mother arrears of child support. This Court affirmed, based upon the "finding that the [mother] expressly agreed to waive certain rights under the judgment of separation and accept different performance" (*Parmigiani v Parmigiani, supra,* at 745).

In the instant case, the mother, by written agreement, expressly waived future child support payments for the period when the child was residing with the father. She acknowledged at the hearing that the child resided with the father "on and off" pursuant to the terms of that agreement until November 1998.

In our view, her express waiver of future child support payments was valid and enforceable. By virtue of the express waiver, the father was not in default for the payment of child support, and no "arrears" accrued. Therefore, the statutory amendments precluding the cancellation of arrears of child support did not render the waiver unenforceable.

Accordingly, the order dated March 13, 2000, is reversed, on the law, with costs, so much of the order dated June 23, 1999, as awarded arrears of child support in the sum of $22,680 is vacated, and that branch of the petition which was to recover arrears of child support for the period when the child lived with the father is denied.

ALTMAN, J. P., McGINITY and SCHMIDT, JJ., concur.

Ordered that the order dated March 13, 2000, is reversed, on the law, with costs, so much of the order dated June 23, 1999, as awarded arrears of child support in the sum of $22,680 is

vacated, and that branch of the petition which was to recover arrears of child support for the period when the child lived with the father is denied.