■ In the Matter of JEAN L. WILLIAMS, Appellant, v R. DONALD CHAPMAN, Respondent. (And Another Related Proceeding.) [803 NYS2d 260]—

Mercure, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 23, 2004, which, inter alia, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 4, to hold respondent in violation of a prior order of support.

The parties herein were divorced in 1994. Pursuant to a stipulation agreed upon in open court, Family Court ordered respondent (hereinafter the father) to pay petitioner (hereinafter the mother) $150 per week in child support for the parties' two unemancipated children, Kristen (born in 1982) and Jacob (born in 1984). In February 1999, Kristen relocated to the father's residence and the parties agreed, in a handwritten document, that child support payments to the mother would be suspended while each party had physical custody of one of the children. In 2003, the mother commenced a proceeding, seeking approximately $37,000 in child support arrears and asserting that the father violated Family Court's order by failing to pay support for both children after Kristen left the mother's residence. Following a hearing, a Support Magistrate found that the mother expressly waived prospective child support payments in the parties' agreement and denied her petition. Family Court denied the mother's subsequent objections and she now appeals.

We affirm. As the mother asserts, the Court of Appeals has held that pursuant to the New York State Support Enforcement Acts of 1986 and 1987 (L 1986, ch 892; L 1987, ch 815 ), a recipient may not impliedly "waive the right to unpaid child support simply by failing to demand payment or seek enforcement of support obligations" (*Matter of Dox v Tynon*, 90 NY2d 166, 168 [1997]), a practice that was formerly permissible (*see Maule v Kaufman*, 33 NY2d 58 [1973]; *Axelrad v Axelrad*, 285 App Div 903 [1955], *affd* 309 NY 687 [1955]). The Court, however, declined to reach the question of whether express waivers of future child support payments are similarly impermissible (*Matter of Dox v Tynon, supra* at 175). The mother argues that express waivers of child support must also be deemed to violate the legislative intent of the amendments at issue in *Matter of Dox*—a position that is at odds with that taken by the other Departments (*see Matter of Parker v Parker*, 305 AD2d 1077, 1078-1079 [4th Dept 2003]; *Matter of O'Connor v Curcio*, 281 AD2d 100, 104-105 [2d Dept 2001]; *see also Matter of Grant v Grant*, 265 AD2d 19, 21-23 [1st Dept 2000], *lv denied* 95 NY2d 758 [2000] [holding that the existence of an alleged oral waiver was supported by the parties' affirmative conduct]; *Mitchell v Mitchell*, 170 AD2d 585, 585 [2d Dept 1991] [stating that parties may waive their rights under a divorce judgment through affirmative conduct]). In our view, the urged extension of *Matter of Dox* is unwarranted.

The purpose of the amendments under consideration in *Matter of Dox* was to "preclude[ ] 'forgiveness' of *child support arrears* to ensure that respondents are not financially rewarded for failing either to pay the order or to seek its modification" (Governor's Mem approving L 1986, ch 892, 1986 McKinney's Sessions Laws of NY, at 3213 [emphasis added]; *see Matter of Dox v Tynon, supra* at 173-174). In determining that implied waivers are not permissible, the Court of Appeals emphasized that such waivers are "based on petitioner's behavior *after* respondent declined to make the requisite payments" (*Matter of Dox v Tynon, supra* at 175 [emphasis added]). Here, in contrast, the waiver is based upon the mother's conduct *prior* to any default; to wit, her agreement to forego future support payments, rather than support arrears. Contrary to the mother's argument regarding legislative intent, "[w]hen future child support payments are waived, no arrears accrue, and the statutory amendments precluding the cancellation of arrears are inapplicable" (*Matter of O'Connor v Curcio, supra* at 104-105).

Also unpersuasive is the mother's argument that the express waiver given in this case must be deemed invalid as a matter of

law due to the parties' failure to comply with Family Ct Act § 413 (1) (h). The mother is correct that in the absence of an express waiver, a party seeking modification of a child support obligation is required to apply to the courts (*see Galotti v Galotti*, 251 AD2d 285, 285-286 [1998]) and any order entered in such a proceeding must comply with the Child Support Standards Act (*see Matter of McColl v McColl*, 6 AD3d 794, 795 [2004]). In arguing that the parties' out-of-court agreement must also comply with the statutory requirements, however, the mother fails to distinguish between a modification agreement and a waiver. "A modification agreement 'is binding according to its terms and may only be withdrawn by agreement' [while a] waiver . . . 'requires no more than the voluntary and intentional abandonment of a known right' " and, to the extent that it remains executory, may be withdrawn without agreement (*Matter of O'Connor v Curcio, supra* at 102, quoting *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]). Thus, "[a]n agreement [that] does not satisfy the prerequisites of a legally binding modification agreement may nonetheless constitute a valid waiver" (*Matter of O'Connor v Curcio, supra* at 103; *but see Sheridan v Sheridan*, 174 Misc 2d 249, 253 [1997]). Indeed, even oral waivers—which cannot comport with the requirements of Family Ct Act § 413 (1) (h)—have been deemed acceptable (*see Matter of Parker v Parker*, 305 AD2d 1077, 1078-1079 [2003], *supra*; *Parmigiani v Parmigiani*, 250 AD2d 744, 745 [1998]; *see also Matter of Grant v Grant*, 265 AD2d 19, 21-23 [2000], *supra*).

The mother's claim that she is owed child support for Jacob during the time, if any, that he resided with her after Kristen became emancipated, is unpreserved for our review. The parties' remaining arguments are rendered academic by our decision or, upon consideration, have been found to be lacking in merit.

Cardona P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.