■ In the Matter of DENISE A. DUFFY, Respondent, v JAMES S. DUFFY, Appellant. [816 NYS2d 593]—

Kane, J. Appeals (1) from two orders of the Family Court of Ulster County (Beisel, S.M.), entered January 25, 2005 and February 15, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court (Mizel, J.), entered March 23,

2005, confirming the Support Magistrate's finding of a willful violation and awarding petitioner counsel fees.

The parties are parents of a daughter and a son. A separation agreement, which was incorporated into a judgment of divorce, provided for joint legal custody, primary physical custody of both children to petitioner and biweekly child support payable by respondent in the amount of $424. In June 2002, the parties informally transferred primary physical custody of their son to respondent. Although the parties negotiated to arrive at a new child support amount, no agreement was reached. Respondent began paying petitioner $93 biweekly, which he contends represented his support obligation as a result of the change in custody.

In March 2004, respondent commenced a support modification proceeding in Albany County Family Court, resulting in a modification of the judgment of divorce. Petitioner then commenced this proceeding alleging a violation of the divorce judgment and seeking a money judgment for arrears. The Support Magistrate found that respondent willfully violated the judgment from June 1, 2002 through March 4, 2004, established arrears for that time period and awarded counsel fees to petitioner. Respondent filed objections, which Family Court denied. Respondent now appeals from the orders of the Support Magistrate and Family Court's order confirming those determinations and awarding counsel fees.

Family Court properly determined that respondent willfully violated the child support portion of the divorce judgment. Without an express waiver by petitioner of her right to receive the amount of child support recited in the divorce judgment, respondent was required to pay the court-ordered amount; a support recipient may not impliedly "waive the right to unpaid child support simply by failing to demand payment or seek enforcement of support obligations" (*Matter of Dox v Tynon*, 90 NY2d 166, 168 [1997]; *see Matter of Williams v Chapman*, 22 AD3d 1015, 1016 [2005]). Contrary to respondent's contention, no statements by petitioner's attorney during the 2002 child support negotiations specifically waived petitioner's rights. The change in custody of one child was "insufficient to constitute a waiver of child support" (*Matter of O'Connor v Curcio*, 281 AD2d 100, 105 [2001]). Therefore, respondent was required to file a modification petition if he desired to lower his child support payments. By unilaterally reducing the amount of support he paid, absent an express agreement with petitioner, respondent violated the divorce judgment. Petitioner proved that respondent did not pay as required but was financially capable of

making those payments, thus establishing that the violation was willful (*see Matter of Powers v Powers*, 86 NY2d 63, 68 [1995]; *Matter of Heyn v Burr*, 19 AD3d 896, 897-898 [2005]).

As there is no proof that it was impossible for respondent to pay the court-ordered child support or timely move to reduce his support obligation, respondent failed to show that "grievous injustice" would result by requiring him to pay the established arrears (*see Matter of Commissioner of Social Servs. v Luis Alonso G.*, 7 AD3d 388, 388 [2004]). The award of reasonable counsel fees to petitioner was mandatory because the violation was deemed willful (*see* Family Ct Act § 438 [b]; § 454 [3]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.