In the Matter of JOANNA RZEMIENIEWSKA-BUGNACKI, Respondent, v DARIUSZ BUGNACKI, Appellant. [859 NYS2d 467]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Lubow, J.), dated July 26, 2007, which denied

his objections to an order of the same court (Blaustein, S.M.) dated February 2, 2007, which, after a hearing, fixed his arrears for child support in the sum of $58,448.

Ordered that the order dated July 26, 2007 is affirmed, without costs or disbursements.

The parties are the parents of a 15-year-old daughter. The father is obligated to support the daughter pursuant to a 1996 judgment of divorce. The mother commenced an enforcement proceeding, seeking almost 10 years of arrears in child support. The father offered proof of partial payments evidenced by a few checks from 2005 and 2006, and by some signed receipts from the period 2001 through 2004. The Support Magistrate fully credited the father for all those payments. With those credits, the Support Magistrate determined that the father was in arrears in child support in the amount of $58,448.

The receipts offered by the father contain additional notations that the father asserted was evidence that he was not in arrears in child support as of the respective dates of the receipts. The mother testified that the receipts were presented for signature as written, that she signed the receipts in order to receive the sporadic payment evidenced by the receipts, and that the notations merely represented that the father paid the current support in the amount specified.

Contrary to the father's assertion in his objections to the Support Magistrate's determination, the Support Magistrate made findings of fact which set forth how she calculated the arrears, and from which it is clear that she credited the mother's testimony. The hearing court has broad discretion in its evaluation of testimony and the determination of credibility (*see Matter of Strella v Ferro,* 42 AD3d 544 [2007]; *Matter of Kahl-Lapine v Lapine,* 35 AD3d 611 [2006]).

In determining the objections, only documentation that was presented at the hearing can be considered (*see Matter of Williams v Williams,* 37 AD3d 843 [2007]). The documentation offered by the father at the hearing did not establish an express or implied waiver of child support (*see Matter of Dox v Tynon,* 90 NY2d 166, 175-176 [1997]; *Matter of O'Connor v Curcio,* 281 AD2d 100 [2001]; *Parmigiani v Parmigiani,* 250 AD2d 744 [1998]). Contrary to the father's contention, the documentation he offered did not establish that he was current in his support obligation, with no arrears, as of the dates of the various receipts. Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.