■ DEIRDRE STEVENS, Respondent, v THOMAS STEVENS, Appellant. [918 NYS2d 879]—

Child support payments may be waived prospectively, before the obligation to make such payments has accrued (*see Matter of O'Connor v Curcio*, 281 AD2d 100 [2001]). The party claiming a waiver must come forward with evidence of a voluntary and intentional relinquishment of a known and otherwise enforceable right to child support (*see Matter of Barrio v Montanez*, 71 AD3d 1140 [2010]). We agree with the Supreme Court that while the evidence supports a finding that the plaintiff waived her right to child support for the parties' son, upon their agreement for the defendant to take physical custody of him, the plaintiff did not waive her right to child support for their daughter, who continued to live with her.

Furthermore, the Supreme Court providently exercised it discretion in determining that the plaintiff only was responsible for the payment of $4,500 of the principal and for interest which accrued on a loan she agreed to pay pursuant to the parties' stipulation of settlement, from the date of the defendant's motion, inter alia, seeking to enforce that obligation, January 5, 2007. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.