In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Klein, J.), dated September 15, 2011, which denied his objections to so much of an order of the same court (Braxton, S.M.) dated July 7, 2011, as, after a hearing, fixed his *878 child support arrears in the sum of $15,314 for the parties’ three children.
Ordered that the order dated September 15, 2011, is modified, on the law, by deleting the provision thereof denying the father’s objection to so much of the order dated July 7, 2011, as awarded child support arrears for the parties’ child H., and substituting therefor a provision granting that objection to the extent of vacating so much of the order dated July 7, 2011, as awarded child support arrears for the parties’ child H. from September 28, 2008; as so modified, the order dated September 15, 2011, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a recalculation of the amount of the father’s child support arrears.
The parties were divorced in 2004 and the mother was awarded residential custody of their three children. The father was directed to pay biweekly child support to the mother in the sum of $522. In September 2008, the parties’ child H. began living with the father. The parties’ two other children, at various times from 2008 until the date of the petition, also lived with the father. In November 2010, the father petitioned for a termination of the child support order on the ground that the children, in fact, resided with him. The parties thereafter agreed that the child support payments from the father to the mother should cease on the ground that the father had residential custody of the children. Accordingly, the Family Court terminated the child support order.
The mother subsequently filed a petition to recover child support arrears in the sum of $15,314. After a hearing, the Support Magistrate granted the petition and fixed the father’s child support arrears in the sum of $15,314 for the parties’ three children. The father objected on the ground that the mother had waived prospective child support payments after the children began living with him. The Supreme Court denied the father’s objections.
“Child support payments may be waived prospectively, before the obligation to make such payments has accrued” (Stevens v Stevens, 82 AD3d 873, 874 [2011]; see Matter of Savini v Burgaleta, 69 AD3d 734, 735 [2010]; Matter of O’Connor v Curcio, 281 AD2d 100, 105 [2001]). “[A] mere change in custody is insufficient to constitute a waiver of child support” (Matter of O’Connor v Curcio, 281 AD2d at 105). Rather, “[t]he party claiming a waiver must come forward with evidence of a voluntary and intentional relinquishment of a known and otherwise enforceable right to child support” (Stevens v Stevens, 82 AD3d *879 at 874; see Matter of Barrio v Montanez, 71 AD3d 1140, 1140 [2010]; Matter of O’Connor v Curcio, 281 AD2d at 105).
Here, the record demonstrated, and the mother did not dispute, that H. lived with the father beginning in September 2008. The father presented a letter dated September 28, 2008, which was signed by the mother, in which the parties agreed that the mother would not seek child support for H. and that the father, in turn, would not seek child support from the mother. Contrary to the Support Magistrate’s contention, the mother’s express waiver of her future child support payments for H. was valid and enforceable (see Stevens v Stevens, 82 AD3d at 874; Matter of Savini v Burgaleta, 69 AD3d at 735; Matter of O’Connor v Curcio, 281 AD2d 100, 105 [2001]). However, the evidence adduced at the hearing does not warrant the conclusion that the mother waived her future child support payments as to the parties’ other two children (see Matter of Rzemieniewska-Bugnacki v Bugnacki, 51 AD3d 1029, 1029 [2008]).
In light of the foregoing, the father’s objection to so much of the Support Magistrate’s order as awarded child support arrears for H. should have been granted to the extent of vacating so much of that order as awarded child support arrears for H. from September 28, 2008. Accordingly, the matter must be remitted to the Family Court, Orange County, for a recalculation of the amount of the father’s child support arrears. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.