## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 20, 2014          518306
_____

In the Matter of JESSICA
   HASTIE, Formerly Known
   as JESSICA TOKLE,
                    Respondent,

          v                              MEMORANDUM AND ORDER

SEAN TOKLE,
                    Appellant.
_____

Calendar Date:  October 17, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

        Bloom & Bloom, PC, New Windsor (Peter E. Bloom of counsel),
for appellant.

        Fisher & Stote, LLP, Kingston (Robert J. Fisher of
counsel), for respondent.

_____

Stein, J.P.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered June 5, 2013, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 4,
to hold respondent in willful violation of a prior order of
support.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of two children (born in
1989 and 1990).  Pursuant to a 2007 order, the father was
directed to pay a single weekly amount for the support of both

children.[1]  In January 2012, the mother filed a petition alleging that the father had willfully violated the 2007 order by failing to pay child support for a five-month period in 2011.  As a defense to the violation petition, the father claimed that the mother had waived her right to child support after the older child had reached the age of 21 and the younger child allegedly had become emancipated.  After a hearing, a Support Magistrate (Linen, S.M.) found the father to be in willful violation of the support order and directed judgment against him for arrears.  Family Court thereafter confirmed the finding of a willful violation and also directed the father to, among other things, pay the mother's counsel fees.  The father now appeals, and we affirm.

We reject the father's contention that the mother waived her right to receive child support.  While a parent can expressly waive child support, such waiver must represent a "voluntary and intentional abandonment of a known right" (Matter of Williams v Chapman, 22 AD3d 1015, 1017 [2005] [internal quotation marks and citations omitted]; see Matter of Dox v Tynon, 90 NY2d 166, 168 [1997]).  Here, the mother sent the father a note in January 2011 indicating that the younger child had graduated from school and had become employed.  The following month, the mother sent a second note indicating that both children would be "claiming themselves for the 2010 tax season."  The father's attorney advised him that he could stop paying child support because these letters represented an admission by the mother that the children were both emancipated.  His attorney then sent a letter to the mother advising her that the father's child support payments would be terminated as of March 2011.

Contrary to the father's arguments, we do not view the mother's notes as reflecting a voluntary and intentional abandonment of her right to receive continued child support, as there is nothing in the notes indicating that the mother agreed that the father was no longer required to pay such support.  In addition, the record reflects that, when she received the letter

_____

[1]  The order did not specify that it would change upon the emancipation of the older child.

from the father's attorney, the mother was not aware that she had any recourse.  Nor did the mother's failure to immediately challenge the letter from the father's attorney by commencing an enforcement proceeding constitute a waiver of child support, as a "recipient may not impliedly 'waive the right to unpaid child support simply by failing to demand payment or seek enforcement of support obligations'" (Matter of Williams v Chapman, 22 AD3d at 1016, quoting Matter of Dox v Tynon, 90 NY2d at 168; accord Matter of Duffy v Duffy, 30 AD3d 735, 736 [2006]).

In the absence of an express waiver, the father was required to apply to Family Court for a modification of his support obligation (see Matter of Wendel v Nelson, 116 AD3d 1057, 1058 [2014]; Matter of Williams v Chapman, 22 AD3d at 1017). Having failed to do so, the father was not entitled to resort to self-help and terminate his support payments based upon his own assessment of his continued legal obligation in view of the children's circumstances.  Inasmuch as the father did not commence a modification proceeding, Family Court was precluded from reducing or annulling the arrears that accrued (see Family Ct Act § 451; Matter of Dox v Tynon, 90 NY2d at 168-169; compare Matter of Russo v Irwin, 49 AD3d 1039, 1042 [2008]).  Therefore, the proof that the father failed to make 26 weekly child support payments constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Richards-Szabo v Szabo, 99 AD3d 1069, 1070 [2012]), in response to which the father failed to present competent evidence of his inability to pay.  As a result, we discern no basis to disturb the finding that the father willfully violated the child support order or the consequent award of counsel fees (see Family Ct Act §§ 438 [b]; 454 [3]; Matter of Duffy v Duffy, 30 AD3d at 737).  To the extent not specifically addressed, the parties' remaining contentions have been reviewed and found to be without merit.

McCarthy, Garry, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court