Rose, J.
Appeal from an order of the Supreme Court (Lambert, J.), entered December 30, 2015 in Delaware County, which, among other things, granted plaintiff’s motion to enforce the parties’ separation agreement as to child support.
Plaintiff (hereinafter the mother) and defendant (hereinafter the father) are the divorced parents of a daughter (born in 1995) and a son (born in 1998). In 2005, the parties stipulated to a separation agreement that was incorporated but not merged into the judgement of divorce. The agreement set forth the father’s child support obligation based upon his then-current income of just under $50,000 and provided that the father’s income would be subject to reevaluation each year. To facilitate the yearly reevaluation, the agreement provided that the parties would exchange their “proper and complete” income tax returns each year, and the father’s child support obligation would “rise or fall” based upon his annual income in accordance with the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]). In November 2014, the mother moved to enforce the agreement, alleging, among other things, that the father had failed to provide her with a copy of his tax returns for several years and, as a result, he had underpaid his child support obligation. The father then moved for, among other things, an order terminating the tax exchange provision of the agreement. Following a hearing, Supreme Court granted *1273 the mother’s motion, calculated the arrears owed by the father for 2011, 2012, 2013 and 2014, set the father’s monthly child support obligation going forward and denied the father’s motion. The father now appeals.
Despite the father’s efforts to limit any increases in his child support obligation by entering into a series of postjudgment oral agreements with the mother, she did not waive her right to collect the child support contemplated by their separation agreement. Although a parent can expressly waive his or her right to unpaid child support, such a waiver must evince a “voluntary and intentional abandonment of a known right” (Matter of Williams v Chapman, 22 AD3d 1015, 1017 [2005] [internal quotation marks and citations omitted]; accord Matter of Hastie v Tokle, 122 AD3d 1129, 1129-1130 [2014]). Here, although the record establishes that the father negotiated child support increases with the mother in 2009, 2012 and 2013, he readily acknowledged that he consistently failed to provide the mother with a copy of his annual income tax returns and, therefore, she was unaware that his annual income eventually exceeded $350,000. Significantly, the father testified that the mother did, in fact, request “more information” than what he verbally provided to her, but he told her that he did not “have to give [her his] full and complete tax returns because the law is supportive of that.” According to the mother, she requested a copy of the father’s tax returns each year, but he refused to comply, telling her that they were too complicated for her to understand and, because he was no longer residing in New York, he was not subject to the Child Support Standards Act. In light of the father’s efforts to conceal the true extent of his income, we agree with Supreme Court that the mother did not voluntarily and intentionally waive her right to any unpaid child support (see Matter of Hastie v Tokle, 122 AD3d at 1130; compare Hannigan v Hannigan, 104 AD3d 732, 734-735 [2013], lv denied 21 NY3d 858 [2013]; Matter of O’Connor v Curcio, 281 AD2d 100, 105 [2001]).
We are similarly unpersuaded by the father’s contention that Supreme Court erred in its determination of child support for 2011, 2012, 2013 and 2014. It is undisputed that the parties’ combined parental income for these years was in excess of the applicable statutory cap and, thus, “Supreme Court was required to consider the statutory factors and determine whether some or all of the excess income should be used for child support purposes” (Macaluso v Macaluso, 145 AD3d 1295, 1297 [2016]; see Domestic Relations Law § 240 [1-b] [c], [f]; Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; Sprole *1274 v Sprole, 145 AD3d 1367, 1369 [2016]). Our review of the record confirms that Supreme Court employed the appropriate analysis, addressed each of the statutory factors enumerated in Domestic Relations Law § 240 (1-b) (f), accorded each factor the appropriate weight and properly determined that “strict application of the statutory percentages to the combined parental income in excess of [the applicable statutory cap] would [not] render the [father’s] share ‘unjust or inappropriate’ ” (Hammack v Hammack, 20 AD3d 700, 702 [2005], lv dismissed 6 NY3d 807 [2006], quoting Domestic Relations Law § 240 [1-b] [f]; see generally Matter of Cassano v Cassano, 85 NY2d at 653). Accordingly, we find no reason to conclude that Supreme Court abused its discretion in applying the statutory child support percentage — 25% for two children (see Domestic Relations Law § 240 [1-b] [b] [3] [ii]) — to the total parental income for 2011, 2012, 2013 and 2014 (see Sadaghiani v Ghayoori, 97AD3d 1013, 1013 [2012]).
Nor can we agree that Supreme Court abused its discretion in imputing income to the father for purposes of calculating child support for 2015. Initially, contrary to the father’s contention, Supreme Court was not required to find that the father “had deliberately reduced his income ... to reduce or avoid his child support obligation in order to impute income to him” (Matter of D’Andrea v Prevost, 128 AD3d 1166, 1167 [2015]). Rather, the court was permitted to impute income to the father “based on a number of factors, including past employment, future earning capacity and standard of living” (Ceravolo v DeSantis, 125 AD3d 113, 119 [2015]). Here, Supreme Court imputed $125,000 of annual income to the father after finding that he possessed a Master’s degree in civil and environmental engineering from Stanford University and that his past employment history demonstrated that he could earn well in excess of the imputed amount. In addition, Supreme Court highlighted the father’s “questionable” decision to work for his wife’s company at a significantly lower salary than he was capable of earning, as well as the fact that he resided in “very expensive housing” in Hermosa Beach, California, which the court described as having a “view of the Pacific Ocean.” Inasmuch as “the court articulate [d] the basis for imputation” and our review of the record confirms that the court’s findings were fully supported, we perceive no reason to disturb its determination (Matter of D’Andrea v Prevost, 128 AD3d at 1167 [internal quotations marks and citations omitted]; see Matter of Rubley v Longworth, 35 AD3d 1129, 1130-1131 [2006], lv denied 8 NY3d 811 [2007]).
We also reject the father’s claim that his daughter was *1275 emancipated and that Supreme Court erred in denying his request to terminate his child support obligation as to her. It is well settled that “[a] parent is statutorily obligated to support his or her child until the age of 21 (see Family Ct Act § 413 [1]) unless the child is sooner emancipated, which occurs, insofar as is relevant here, when the child ‘attaints] economic independence through employment’ ” (Matter of Drumm v Drumm, 88 AD3d 1110, 1112-1113 [2011], quoting Matter of Bogin v Goodrich, 265 AD2d 779, 781 [1999]). The record reflects that, at the time of trial, the daughter was a college student residing in an off-campus apartment during the school year, she lived with the mother during school breaks and she planned to sublet her apartment and live with the mother over the summer. Although the daughter had a part-time job, the mother helped her with her living expenses. In light of the foregoing, we agree with Supreme Court that the daughter has not attained economic independence through employment (see Matter of Rosalind EE. v William EE., 4 AD3d 629, 630 [2004], lv denied 3 NY3d 606 [2004]; Matter of Bogin v Goodrich, 265 AD2d at 781).
Finally, we find no merit to the father’s assertion that the tax return exchange provision is unworkable, and we cannot agree that Supreme Court erred in denying his request to terminate it. In our view, this provision is the only practical means by which the parties can determine the appropriate amount of child support without the court’s annual intervention. To the extent that the father is concerned about the privacy of the Social Security numbers of his wife and their children, those numbers can be redacted. The father’s remaining contentions have been considered and determined to be lacking in merit.
Peters, P.J., Egan Jr., Devine and Aarons, JJ., concur.
Ordered that the order is affirmed, without costs.