Cavayero v Cavayero (2020 NY Slip Op 03498)





Cavayero v Cavayero


2020 NY Slip Op 03498


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-12471
 (Index No. 204303/02)

[*1]Harvey J. Cavayero, respondent,
v
Beth Cavayero, appellant.


Edwards & Rockmore, P.C., Garden City, NY (Jonathan E. Edwards and Charles E. Holster III of counsel), for appellant.
Eric Dubinsky, Westbury, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered March 26, 2004, the defendant appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated October 21, 2016. The order, insofar as appealed from, denied, without a hearing, the defendant's motion, inter alia, to hold the plaintiff in contempt and for an award of certain child support arrears.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the defendant's motion and a new determination of the motion thereafter.
The parties were married in 1983 and had two children together. In 2001, they entered into a separation agreement which provided for certain distributions of property and provided that the plaintiff was obligated to pay child support to the defendant. The parties divorced in 2004, and both the separation agreement and an amendment to the separation agreement were incorporated but not merged into the judgment of divorce. In 2014, after the children were emancipated, the defendant moved, inter alia, to hold the plaintiff in contempt and for an award of certain child support arrears. The Supreme Court denied the defendant's motion without a hearing, concluding that the defendant waived her rights under the separation agreement and the amendment to the separation agreement, including the right to receive child support.
A valid waiver " requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver[,] would have been enforceable'" (Golfo v Kycia Assoc., Inc., 45 AD3d 531, 532, quoting Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; see Gresser v Princi, 128 AD2d 752). It may arise by either an express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage (see Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469; Cotton v Cotton, 76 AD3d 1041, 1042). A waiver "is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence" (Peck v Peck, 232 AD2d 540, 540). Rather, the party claiming a waiver must proffer evidence of a voluntary and intentional relinquishment of a known and otherwise enforceable right (see Matter of Tafuro v Tafuro, 102 AD3d 877, 878; Stevens v Stevens, 82 AD3d 873, 874; Matter of Barrio v Montanez, 71 AD3d 1140).
Here, in opposition to the defendant's motion, the plaintiff failed to establish, as a matter of law, that the defendant's conduct after the parties entered into the separation agreement constituted "a voluntary and intentional relinquishment of . . . known and otherwise enforceable right[s]" pursuant to the parties' separation agreement and judgment of divorce (Matter of O'Connor v Curcio, 281 AD2d 100, 104 [internal quotation marks omitted]; see Matter of Dox v Tynon, 90 NY2d 166; Matter of Gleason v Gleason, 247 AD2d 384). Therefore, the Supreme Court should not have denied the defendant's motion without a hearing. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and new determination of the defendant's motion.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court