Matter of Simpson v Cyrius (2023 NY Slip Op 05000)

Matter of Simpson v Cyrius

2023 NY Slip Op 05000

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-00231
 (Docket No. F-24063-19)

[*1]In the Matter of Dacia Audrey Daniels Simpson, respondent, 
v
Shala Cyrius, appellant.

Green Kaminer Min & Rockmore, LLP, New York, NY (Nancy M. Green of counsel), for appellant.
The Law Office of Mark I. Plaine, P.C., Forest Hills, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Elizabeth Fassler, J.), dated December 15, 2022. The order denied the father's objections to an order of the same court (Jessica Sin, S.M.) dated September 14, 2022, which, without a hearing, granted the mother's petition for child support, retroactive child support, child care costs, and unreimbursed health related costs.
ORDERED that the order dated December 15, 2022, is affirmed, with costs.
The mother and the father were never married. On the day that the subject child was born the father signed an acknowledgment of paternity. In an order dated September 14, 2022, a Support Magistrate granted the mother's petition for child support, retroactive child support, child care costs, and unreimbursed health related costs. The father filed objections to the Support Magistrate's order, and the Family Court denied the father's objections. The father appeals.
The Family Court properly denied the father's objection predicated on the alleged invalidity of the acknowledgment of paternity. In an order dated June 11, 2019, which the father did not file objections to and did not appeal from, the court denied the father's petition to vacate the acknowledgment of paternity based on a finding that the father failed to meet his burden of proof that the acknowledgment of paternity was signed by reason of fraud, duress, or material mistake of fact. Accordingly, the doctrine of the law of the case precluded the father from relitigating that issue in the mother's support proceeding in the Family Court (see Matter of Oneekah N.C. v David J., 216 AD3d 1090; Matter of Shondel J. v Mark D., 18 AD3d 551, affd 7 NY3d 320). Although this Court is not bound by the law of the case doctrine to a prior determination of a nisi prius court (see Wells Fargo Bank, N.A. v Fleurant, 150 AD3d 790, 791; Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d 799, 800), we decline to exercise our discretion to consider the father's contention on the merits.
The Family Court properly denied the father's related objection that the acknowledgment of paternity should be vacated based on newly discovered evidence. The court correctly determined that this issue, which was raised in a third petition to vacate the [*2]acknowledgment of paternity filed by the father on July 22, 2022, was not properly before it (see Matter of Julien v Ware, 179 AD3d 921; Matter of Rzemieniewska-Bugnacki v Bugnacki, 51 AD3d 1029).
The Family Court properly denied the father's objection to the calculation of his child support obligation. Contrary to the father's contention, the Support Magistrate properly calculated his child support obligation pursuant to the Child Support Standards Act (see Family Ct Act § 413[1][b][5][vii]; [c]; Matter of Burr v Fellner, 73 AD3d 1041). Insofar as all income, including overtime income, is included in gross income for child support purposes, the Support Magistrate correctly included the father's overtime income in the calculation of his child support obligation (see Franklin v Franklin, 199 AD3d 758; Romano v Romano, 40 AD3d 837; Parise v Parise, 13 AD3d 504).
The father's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court