Matter of Thomas T. v Judith S. (2025 NY Slip Op 02634)

Matter of Thomas T. v Judith S.

2025 NY Slip Op 02634

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-23-2368
[*1]In the Matter of Thomas T., Appellant,
v
Judith S., Respondent. (Proceeding No. 1.)
In the Matter of Judith S., Respondent,
v
Thomas T., Appellant. (Proceeding No. 2.)

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

Shaw & Murphy, PLLC, Ithaca (Natanya E. DeWeese of counsel), for appellant.
Andrea J. Mooney, Ithaca, for respondent.

Powers, J.
Appeals (1) from an order of the Family Court of Cortland County (David Alexander, J.), entered November 24, 2023, which, in proceeding No. 1 pursuant to Family Ct Act article 4, granted respondent's motion to dismiss the petition, and (2) from an order of said court, entered November 24, 2023, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 4, to modify a prior order of support.
Thomas T. (hereinafter the father) and Judith S. (hereinafter the mother) married in 2002 and, thereafter, had three children (born in 2003, 2005 and 2007). The parties divorced in 2022 and entered into an agreement regarding child support that was incorporated, but not merged, into their judgment of divorce in which they agreed to opt out of the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]). This was done in consideration of the father's voluntary support of the oldest child, that the middle child split time between the parties' residences and that the youngest child stayed at a residential school during the week. Therefore, among other terms, the father was obligated to pay $500 per month in child support to the mother. In May 2023, the father petitioned for a downward modification of his child support obligations on the basis that, among other things, the oldest child's expenses were higher than he had anticipated. The mother filed her own petition in response seeking an upward modification arguing that the father's income had increased more than 15%; she subsequently, moved to dismiss the father's petition. After a hearing before Family Court,[FN1] the court issued two separate orders granting the mother's motion to dismiss the father's petition and granting her petition for an upward modification of the prior order of support, resulting in an increase in the father's support obligations to $507 per week. The father appeals both orders.[FN2]
Initially, we find that Family Court correctly included the father's overtime earnings when calculating his child support obligations. For purposes of child support, income is calculated using the "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]; see also Domestic Relations Law § 240 [1-b] [b] [5] [i]; Wallach v Wallach, 37 AD3d 707, 708 [2d Dept 2007]). As such, the court correctly calculated the father's income by including his overtime earnings (see Matter of Simpson v Cyrius, 220 AD3d 708, 709 [2d Dept 2023]; Franklin v Franklin, 199 AD3d 758, 760 [2d Dep 2021]; Matter of O'Brien v Rutland, 180 AD3d 1183, 1185 [3d Dept 2020]). Furthermore, despite testifying generally that he cannot rely upon overtime, the father presented no credible evidence that the overtime he had earned in the prior year would no longer be available and that he would be limited to his regular salary (compare Matter of Taraskas v Rizzuto, 38 AD3d 910, 910 [2d Dept 2007]).
Although not making an express [*2]determination in this regard, we do not find Family Court to have abused its discretion in calculating the father's child support obligations based upon two children as the record does not reflect that the middle child had become emancipated. It is well settled that a parent's obligation to support a child continues until he or she reaches the age of 21 or becomes otherwise emancipated (see Family Court Act § 413 [1]). Pursuant to the relevant terms of the parties' agreement, emancipation would occur upon the child reaching the age of 18 and attaining full-time employment. However, the agreement contains a caveat that full-time summer employment while enrolled as a college student would not constitute emancipation. Constructive emancipation may also occur where "the child attains economic independence through employment" (Decker v Decker, 148 AD3d 1272, 1275 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; see Matter of Pratt v Pratt, 154 AD3d 1201, 1203 [3d Dept 2017]). Although working and renting a room from a friend, the record reveals that the middle child is enrolled in college and receives regular and significant financial assistance from both parties. Based upon these facts, the middle child had not become emancipated as she was not self-supporting (see Matter of O'Brien v Rutland, 180 AD3d at 1185; Decker v Decker, 148 AD3d at 1275; Matter of Drumm v Drumm, 88 AD3d 1110, 1113 [3d Dept 2011]; see also Matter of Thomas B. v Lydia D., 69 AD3d 24, 29-30 [1st Dept 2009]). Thus, Family Court did not abuse its discretion in calculating the father's support obligations for two children.
Garry, P.J., Clark, Lynch and Fisher, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: This proceeding was transferred to Family Court by the Support Magistrate for reasons not relevant to this appeal.
Footnote 2: Although the father's pro se notice of appeal purports to appeal from a single order and mistakenly includes an incorrect entered date, we exercise our discretion to overlook these errors and deem the notice as validly taken from both relevant orders (see CPLR 5520 [c]).