Antebi v Guindi (2025 NY Slip Op 06044)

Antebi v Guindi

2025 NY Slip Op 06044

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-00736
 (Index No. 524776/19)

[*1]Morris Antebi, appellant, 
v
Raymond Guindi, et al., respondents.

Ballon Stoll P.C., New York, NY (Vano I. Haroutunian, Alyssa N. Grzesh, and Avram S. Turkel of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 21, 2023. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated June 27, 2023, granting those branches of the defendants' motion which were for summary judgment dismissing so much of the first cause of action as was based on the defendants' alleged failure to repay a loan and the second through fourth causes of action and denying the plaintiff's cross-motion to compel a second deposition of the defendant Raymond Guindi and to stay the defendants' motion until the completion of discovery.
ORDERED that the order dated December 21, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff was a member of the defendant Royal Choice Development, LLC (hereinafter Royal Choice). The defendant Raymond Guindi was the managing member of Royal Choice. In 2007, the plaintiff loaned Royal Choice $750,000. The terms of the loan provided that the plaintiff was to receive the original amount back in two years, with an additional $200,000; if he was not repaid within that time, interest would begin to accrue on the loan.
In 2019, the plaintiff commenced this action against Royal Choice and Guindi. The first cause of action sought to recover damages for breach of contract based on, among other things, the defendants' alleged failure to repay the loan. The second cause of action sought to recover damages for conversion based on Guindi allegedly raising his salary in secret. The third cause of action sought to recover damages for breach of fiduciary duty. The fourth cause of action sought an accounting.
The defendants moved, inter alia, for summary judgment dismissing so much of the first cause of action as was based on the defendants' alleged failure to repay the loan and the second through fourth causes of action. In support of the motion, Guindi averred, among other things, that the plaintiff waived his right to any interest at a meeting in 2014, that the original amount of the loan was paid back to the plaintiff later that year, and that Guindi's salary increase was approved by a [*2]majority of the members of Royal Choice. The defendants included a transcript of the 2014 meeting. The plaintiff cross-moved to compel a second deposition of Guindi and to stay the defendants' motion until the completion of discovery. In an order dated June 27, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion and denied the plaintiff's cross-motion.
The plaintiff moved, among other things, for leave to reargue his opposition to those branches of the defendants' motion which were for summary judgment dismissing so much of the first cause of action as was based on the defendants' alleged failure to repay the loan and the second through fourth causes of action and his cross-motion to compel a second deposition of Guindi and to stay the defendants' motion until the completion of discovery. In an order dated December 21, 2023, the Supreme Court, inter alia, upon reargument, adhered to its determination in the order dated June 27, 2023, granting those branches of the defendants' motion and denying the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court properly adhered to its determination granting that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as was based on the defendants' alleged failure to repay the loan. "A waiver is the voluntary abandonment or relinquishment of a known right" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446). "A waiver is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence," but rather, "the party claiming a waiver must proffer evidence of a voluntary and intentional relinquishment of a known and otherwise enforceable right" (Cavayero v Cavayero, 184 AD3d 801, 802 [internal quotation marks omitted]). In addition, "[c]ontractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104; Hannigan v Hannigan, 104 AD3d 732, 734 [internal quotation marks omitted]; see Town of Hempstead v Incorporated Vil. of Freeport, 15 AD3d 567, 569). Here, the defendants' submissions demonstrated, prima facie, that the plaintiff waived his right to any interest on the loan and that the original loan amount had been paid back to the plaintiff in 2014. In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly adhered to its determination granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging conversion. "'A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession'" (Dickinson v Igoni, 76 AD3d 943, 945, quoting Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50). Here, the defendants' submissions demonstrated, prima facie, that Guindi's salary was approved by a majority of the members of Royal Choice. In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court properly adhered to its determination denying the plaintiff's cross-motion. Guindi was fully and completely deposed by the plaintiff's counsel, and the plaintiff failed to demonstrate that a further deposition was necessary (see Lacqua v Staten Is. Univ. Hosp., 56 AD3d 529, 530).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court