■ ETZION VARDI et al., Appellants, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered September 4, 1986, which granted defendant's motion to dismiss (CPLR 3211 [a] [7]) the third, fourth, seventh, eighth, eleventh, twelfth and sixteenth through twenty-third causes of action, unanimously modified, on the law, to reinstate the third and eleventh causes of action, and otherwise affirmed, without costs.

Plaintiff, Etzion Vardi, brought this action for breach of contract, defamation, misrepresentation, tortious interference with a contract, and intentional infliction of emotional distress against his former employer, the Mutual Life Insurance Company of New York (hereinafter MONY), certain of its subsidiaries, and several individual company officials. Plaintiff commenced his employment as a field underwriter with MONY pursuant to a December 1, 1974 "Lifetime Plan Contract" which provided that MONY could terminate the contract for cause immediately, or, when termination was "without cause," upon 30 days' notice. Plaintiff executed a second "Lifetime Plan Contract", dated January 1, 1979, which contained a

similar termination clause. By a letter agreement dated December 28, 1979, plaintiff became a supervisor of the Seskin Agency. In September 1985 plaintiff received notification of his promotion to agency manager of MONY's Woodbury Agency. The letter agreement contained a termination clause similar to the one found in the "Lifetime Plan Contract". Other relevant contracts entered into by plaintiff were: (1) two October 1, 1985 general agent's contracts with MONY Life Insurance Company of America (hereinafter MONY Life), and MONY Legacy Life Insurance Company (hereinafter MONY Legacy), two MONY subsidiaries; (2) an October 1, 1985 "Agency Coordinator" contract with MONY Securities Corp., another subsidiary; and (3) a contract with MONY Credit Corp., another subsidiary. The letter agreement for the agency coordinator position with MONY Securities Corp. provided for termination at any time upon notice.

Plaintiff was terminated soon after MONY discovered a refund check for a canceled policy made out to one Peter Harris, who had endorsed it over to plaintiff, who had in turn endorsed it and deposited it in his account. Plaintiff's bank refused to accept this check and a replacement check was issued directly to plaintiff and endorsed into his own account. Upon questioning, Harris allegedly did not recall applying for such a large policy, paying half a year's premium or authorizing anyone else to pay the premium on his behalf. He further allegedly claimed that his signatures on the application and the endorsement on the first check were forgeries. Plaintiff explained that he had suggested the trial policy to Harris as part of an investment strategy and had himself advanced the initial premium. He denied any forgeries and any attempt to defraud MONY. Nevertheless, MONY discharged him for cause, effective immediately, on November 15, 1985.

Prior to answering the complaint defendants moved, pursuant to CPLR 3211 (a) (7), to dismiss: (1) the third, seventh, eleventh, sixteenth and seventeenth causes of action for breach of contract; (2) the fourth, eighth and twelfth causes of action for misrepresentation; (3) the eighteenth, twentieth, twenty-second and twenty-third causes of action for defamation; and (4) the nineteenth and twenty-first causes of action for tortious interference with a contract and intentional infliction of emotional distress, respectively.

The motion court granted the motion to the extent of dismissing the third, fourth, seventh, eighth, eleventh, twelfth and sixteenth through twenty-third causes of action. The trial court determined that the third, seventh, eleventh, sixteenth

and seventeenth causes of action were essentially for wrongful discharge and were legally insufficient, as a New York employer is free to terminate an at-will employee, like plaintiff, at any time, for any reason as long as such action does not violate any constitutional or statutory provision, or any express limitation in the employment contract. The court rejected as "disingenuous" plaintiff's contention that since no grounds existed for his termination for cause, he should have been given 30 days' notice. The fourth, eighth and twelfth causes of action for fraudulent misrepresentation were found insufficient as being essentially wrongful discharge claims. The eighteenth, twentieth, twenty-second and twenty-third causes of action, alleging defamation, were insufficient in failing to particularize the words uttered, as well as failing to allege the time, manner and persons to whom the publications were made. The nineteenth cause of action, against an officer of MONY for tortious interference with a contract, was dismissed as he was acting within his official capacity. The twenty-first cause of action, against another MONY official for intentional infliction of emotional distress, was found insufficient as falling short of the standards of egregious conduct established by case law.

The third and eleventh causes of action allege that plaintiff was terminated without justifiable cause. The lifetime plan contract of December 1974 (also referred to as the "Field Underwriter Contract") and the September 1985 Woodbury Agency manager letter agreement, which form the basis of these causes of action, each provide that termination without cause be made upon 30 days' notice. Although an employer may terminate an at-will employee at any time, that right may be restricted by, *inter alia,* "an express limitation" in the employment contract *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 305 [1983]). The contractual provision, giving plaintiff the right to 30 days' notice in the event of termination without cause, is clearly an express limitation of an employer's right to terminate employment at any time. Thus, the third and eleventh causes of action should not have been dismissed.

The order should be otherwise affirmed. The seventh, sixteenth and seventeenth causes of action for breach of contract, or more accurately, wrongful discharge, are not saved by notice provisions. The seventh cause of action is based on the December 28, 1979 letter agreement for a supervisory position with the Seskin Agency. This agreement, however, does not contain the 30-day notice language. The sixteenth cause of

action against MONY Securities is based on the October 1, 1985, "Agency Coordinator" contract, which also lacks the 30-day termination notice language. Further, contrary to plaintiff's claim, the contract was terminated. The seventeenth cause of action is based on a contract with MONY Credit Corp. No copy of this contract appears in the record, however, and its terms are not pleaded. The court, therefore, has no basis to assume that the notice of termination language is contained in it.

The fourth, eighth and twelfth causes of action are not pleaded with sufficient particularity (CPLR 3016 [b]). Further, they are thinly disguised efforts to transform contract claims into tort claims by the addition of tailored allegations, a practice frowned upon. *(See, Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499, 500 [1st Dept 1986].) The eighteenth, twentieth, twenty-second and twenty-third causes of action for defamation were correctly dismissed for failure to set forth the particular words complained of (CPLR 3016 [a]) or the time, manner and persons to whom the publications were made *(Geddes v Princess Props. Intl.,* 88 AD2d 835 [1st Dept 1982]). The nineteenth cause of action for tortious interference with a contract failed to allege that the individual defendant was acting outside the scope of his employment *(Rothschild v World-Wide Autos. Corp.,* 24 AD2d 861 [1st Dept 1965], *affd* 18 NY2d 982 [1966]). The twenty-first cause of action, which basically claims that plaintiff was falsely accused, fails to show such extreme and outrageous conduct by defendant, as to make out an action for intentional infliction of emotional distress *(see, Murphy v American Home Prods. Corp., supra,* at 303). Concur—Kupferman, J. P., Ross, Asch and Smith, JJ.