Rossrock Fund II, L.P., Respondent, v George R. Osborne et al., Appellants, et al., Defendants. [918 NYS2d 514]—

"[I]n moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003] [internal quotation marks omitted], quoting *Village Bank v Wild Oaks Holding*, 196 AD2d 812, 812 [1993]). Here, the plaintiff produced the notes and mortgages executed by, among others, the defendant George R. Osborne (hereinafter the appellant), as well as evidence of nonpayment. Accordingly, the plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on the complaint.

In response, the appellant failed to raise a triable issue of fact as to his defenses to the complaint (*see Wells Fargo Bank Minn., N.A. v Perez*, 41 AD3d 590 [2007]). The appellant's contention that the statements and conduct of the plaintiff's predecessor constituted an oral waiver of the right to foreclose is belied by his own affidavit, in which he avers that he "understood that [the plaintiff's predecessor] could, on any given day, decide to begin foreclosure" (*see generally Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]; *cf. Southold Sav. Bank v Cutino*, 118 AD2d 555 [1986]). Moreover, the mortgage documents relating to the first mortgage contain a clause barring oral waivers (*see City of New York v Grosfeld Realty Co.*, 173 AD2d 436 [1991]). Even had the plaintiff's predecessor orally waived its right to foreclose, "[a] waiver, . . . not being a binding agreement, can, to the extent that it is execu-

tory, be withdrawn, provided the party whose performance has been waived is given notice of withdrawal and a reasonable time after notice within which to perform" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d at 184 [citation omitted]). Here, correspondence sent to the appellant by the plaintiff upon assignment of the loans to the plaintiff operated to provide the appellant with notice of the plaintiff's intention to foreclose, and also provided the appellant with two opportunities to reinstate the loans. Accordingly, to the extent that the right to foreclose was validly orally waived, the waiver was thereafter validly withdrawn (*see Barclay's Bank of N.Y. v Smitty's Ranch*, 122 AD2d 323 [1986]; *see generally* 1 Bergman, New York Mortgage Foreclosures § 5.02 [3]).

The plaintiff demonstrated its entitlement to judgment as a matter of law dismissing the appellant's counterclaim by establishing that it did not modify or violate the loan documents. The appellant failed to raise a triable issue of fact in response.

The appellant's remaining contentions are without merit. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.