In the Matter of KERRY HINCK, Respondent, v CRAIG HINCK, Appellant. [979 NYS2d 116]—

The parties were married and had two children together. Subsequently, they were divorced and entered into a stipulation

of settlement, which was incorporated but not merged into the judgment of divorce. Under the terms of the stipulation, the father was obligated to pay the mother child support in the sum of $2,500 per month and maintenance in the sum of $400 per month. Thereafter, the mother commenced a separate plenary action in the Supreme Court seeking to set aside the stipulation. During the months of April 2008 through September 2009, the mother did not cash the checks that the father sent to her in accordance with his support obligations, because her counsel in the plenary action advised that to do so would ratify the terms of the stipulation she was trying to set aside.

Subsequently, the mother's plenary action was dismissed and, according to the mother, when she requested that the father issue a new check to cover the child support and maintenance payments that she had previously declined to cash, he refused. The mother then filed the instant petition in Family Court on March 14, 2012, alleging that the father had violated the terms of the stipulation of settlement and seeking its enforcement. The Family Court granted the mother's petition and issued orders directing the entry of money judgments in favor of her and against the father in the sums of $45,000 for child support arrears and $7,500 for maintenance arrears. The Family Court subsequently denied the father's objections with respect to his obligation to pay $45,000 for child support arrears and granted his objection with respect to his obligation to pay maintenance arrears only to the extent of reducing his payment to $7,200 for such arrears.

The father contends that the mother waived her right to receive child support and maintenance upon her voluntary and intentional decision not to cash the checks that he sent to her during the period from April 2008 through September 2009. He argues that, at the time that he sent the checks, there were sufficient funds to cover them. However, after the mother failed to cash approximately 8 to 12 checks, the father allegedly used the funds in the account.

A valid waiver " 'requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver would have been enforceable' " (*Golfo v Kycia Assoc., Inc.*, 45 AD3d 531, 532 [2007], quoting *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]; *see Gresser v Princi*, 128 AD2d 752, 753 [1987]). It may arise by either an express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage (*see Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978]; *Cashin v Cashin*, 79 AD3d 963 [2010]; *Cotton v Cotton*,

76 AD3d 1041 [2010]). A waiver "is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence" (*Peck v Peck*, 232 AD2d 540, 540 [1996]). Rather, there must be proof that there was a voluntary and intentional relinquishment of a known and otherwise enforceable right (*see id.*). " '[T]he party claiming a waiver must come forward with evidence of a voluntary and intentional relinquishment of a known and otherwise enforceable right to child support' " (*Matter of Tafuro v Tafuro*, 102 AD3d 877, 878 [2013], quoting *Stevens v Stevens*, 82 AD3d 873, 873 [2011]; *see Matter of Barrio v Montanez*, 71 AD3d 1140, 1140 [2010]; *Matter of O'Connor v Curcio*, 281 AD2d 100, 105 [2001]).

The father failed to prove that the mother's decision not to cash the child support and maintenance checks constituted a voluntary and intentional relinquishment of her right to those payments. The father does not dispute that the mother's decision not to cash the checks was based upon the advice of her counsel in the plenary action (*see Cotton v Cotton*, 76 AD3d 1041 [2010]; *Weissman v Weissman*, 42 AD3d 448 [2007]) so as to preserve and support her claim that she was entitled to an increase in child support and maintenance payments. The father did not come forward with any evidence showing that the mother intended to abandon her rights to child support and maintenance payments. In fact, she was seeking an increase in such payments.

Upon the dismissal of the mother's plenary action, the terms of the parties' stipulation of settlement remained unchanged, intact, and enforceable. A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation (*see Ackermann v Ackermann*, 82 AD3d 1020, 1020 [2011] [internal quotation marks and citations omitted]). The terms thereof operate as contractual obligations binding on the parties (*see id.*). Since the father failed to prove an express or implied waiver by the mother of her right to the child support and maintenance payments from April 2008 through September 2009, he remains bound by the contractual obligations in the stipulation of settlement.

The father's remaining contentions are without merit.

Accordingly, the Family Court properly determined that the father owes the mother child support arrears in the sum of $45,000 and maintenance arrears in the sum of $7,200 in accordance with the terms of the stipulation of settlement. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.

Motion by the father on appeals from three orders of the Family Court, Suffolk County, dated October 18, 2012, October 19, 2012, and December 13, 2012, respectively, and two amended orders, both entered December 26, 2012, to strike from the record the mother's memorandum of law dated September 27, 2012, and the exhibits attached thereto, and the mother's rebuttal to respondent's objections dated November 29, 2012, and the exhibits attached thereto, on the ground that they contain matter dehors the record. By decision and order on motion of this Court dated June 19, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the motion is denied. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.

Motion by the father on appeals from three orders of the Family Court, Suffolk County, dated October 18, 2012, October 19, 2012, and December 13, 2012, respectively, and two amended orders, both entered December 26, 2012, inter alia, to strike stated portions of the mother's appellate brief on the ground that they refer to matter dehors the record, or, in the alternative, to take judicial notice of an order of the Supreme Court, Suffolk County, dated May 4, 2012, in an action entitled *Hinck v Hinck*, pending under index No. 42441/08. By decision and order on motion of this Court dated August 28, 2013, that branch of the motion which was to strike stated portions of the mother's appellate brief on the ground that they refer to matter dehors the record or, in the alternative, to take judicial notice of an order of the Supreme Court, Suffolk County, dated May 4, 2012, in an action entitled *Hinck v Hinck*, pending under index No. 42441/08, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is,

Ordered that the branch of the father's motion which was to strike stated portions of the mother's appellate brief on the ground that they refer to matter dehors the record or, in the alternative, to take judicial notice of an order of the Supreme Court, Suffolk County, dated May 4, 2012, in an action entitled

*Hinck v Hinck*, pending under index No. 42441/08, is denied. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.