■ SUSAN STASSA, Appellant, v GEORGE STASSA, Respondent. [999 NYS2d 116]——

In an action to recover damages for breach of a stipulation of settlement, the terms of which were neither incorporated nor merged into a judgment of divorce entered September 16, 1983, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Colangelo, J.), dated November 4, 2013, which, after a nonjury trial, directed the dismissal of the complaint, and (2) a judgment of the same court dated October 1, 2014, which, upon the order, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a determination in accordance herewith and for the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff and the defendant were married in 1957. In early 1983, they executed a stipulation of settlement (hereinafter the stipulation) resolving all issues in their then-pending divorce action. Parts XI (A) (1) and (B) of the stipulation provided, in relevant part, that "[s]o long as both parties shall live and the [plaintiff] shall not have remarried," the defendant would pay maintenance to the plaintiff which would be adjusted

to reflect a cost of living adjustment (hereinafter COLA) as of the first Monday of each May commencing in 1984. Moreover, part VII (6) of the stipulation provided, in relevant part, that "[t]he failure of either party to insist in one or more instances upon the strict performance of any of the terms of this Agreement to be performed by the other party shall not be construed as a waiver or relinquishment for the future of any such term or terms, and the same shall continue in full force and effect." Thereafter, the parties were divorced by judgment entered September 16, 1983. The stipulation was not incorporated into the judgment of divorce.

In May 2008, the plaintiff commenced this action alleging that the defendant breached the stipulation by failing to adjust his maintenance payments to include the annual COLA increases as provided for in part XI (B) of the stipulation. At a nonjury trial, the plaintiff testified that she made oral demands of the defendant on 10 or 12 occasions, beginning in 1984, to adjust the maintenance payments so as to include the COLA increases, but that the defendant always responded that he was unable to pay the increase at that time and would pay the money in the future. On cross-examination, she acknowledged that she never refused any of the maintenance checks given to her by the defendant and that, in her responses to the defendant's interrogatories, she had stated that she consulted with an attorney in 1998 for a reason other than to discuss the COLA increases and decided not to pursue the COLA increases after that meeting. The defendant testified that he did not have any conversations with the plaintiff about increasing his maintenance payments to her in accordance with the COLA provision of the stipulation.

The Supreme Court dismissed the complaint, finding that the plaintiff waived her right to COLA increases.

"On an appeal from a judgment after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court, which had the advantage of assessing the credibility of the witnesses" (*Rock v Rock*, 100 AD3d 614, 615-616 [2012]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Parry v Murphy*, 79 AD3d 713, 714-715 [2010]).

Waiver, which is the voluntary and intentional relinquishment of a contract right, " 'should not be lightly presumed' and must be based on 'a clear manifestation of intent' to relinquish a contractual protection" (*Fundamental Portfolio Advisors, Inc.*

*v Tocqueville Asset Mgt., L.P.,* 7 NY3d 96, 104 [2006], quoting *Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968 [1988]; *see Ferraro v Janis,* 62 AD3d 1059, 1060 [2009]). It may be accomplished by affirmative conduct or failure to act so as to evince an intent not to claim the purported advantage (*see General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.,* 85 NY2d 232 [1995]; *Hadden v Consolidated Edison Co. of N.Y.,* 45 NY2d 466, 469 [1978]; *Matter of Hinck v Hinck,* 113 AD3d 681 [2014]).

The mere existence of a nonwaiver clause does not preclude waiver of a contract clause (*see Dice v Inwood Hills Condominium,* 237 AD2d 403, 404 [1997]). However, a "waiver is not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence" (*Peck v Peck,* 232 AD2d 540, 540 [1996]; *see Matter of Hinck v Hinck,* 113 AD3d at 681).

As the plaintiff correctly contends, the record demonstrates that the plaintiff voluntarily relinquished her right to receive maintenance COLA increases as provided in the parties' 1983 stipulation from 1984 through May 2008, when such waiver was withdrawn (*see Barringer v Donahue,* 168 AD2d 406, 407-408 [1990]). Although the defendant is correct that the plaintiff raises for the first time on appeal her contention that she withdrew her waiver upon commencing this action, this contention may be reached since it involves a question of law that is apparent on the face of the record and could not have been avoided by the Supreme Court if it had been brought to its attention (*see Paolicelli v Fieldbridge Assoc., LLC,* 120 AD3d 643 [2014]; *Pipinias v J. Sackaris & Sons, Inc.,* 116 AD3d 749 [2014]). Thus, we reach this issue.

"A waiver, to the extent that it has been executed, cannot be expunged or recalled, but, not being a binding agreement, can, to the extent that it is executory, be withdrawn, provided the party whose performance has been waived is given notice of withdrawal and a reasonable time after notice within which to perform" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184 [1982] [citation omitted]; *see Rossrock Fund II, L.P. v Osborne,* 82 AD3d 737, 737-738 [2011]; *Town of Hempstead v Incorporated Vil. of Freeport,* 15 AD3d 567, 569 [2005]; *Matter of O'Connor v Curcio,* 281 AD2d 100, 102 [2001]). Since the stipulation was an executory contract between the parties pursuant to which the defendant remained under a continuing obligation to pay maintenance to the plaintiff, upon the plaintiff's filing of the summons and complaint in this action, such waiver was withdrawn (*see Rossrock Fund II, L.P. v Osborne,* 82 AD3d at 738; *Barringer v Donahue,* 168 AD2d at

407-408; *see also Hannigan v Hannigan*, 104 AD3d 732, 735 [2013]).

Accordingly, we reverse the judgment, and remit this matter to the Supreme Court, Westchester County, for a determination of the COLA increases owed to the plaintiff by the defendant from the date of commencement of this action to the present, with prejudgment interest calculated thereon from May 2008 pursuant to CPLR 5001, and for the entry of an appropriate amended judgment thereafter. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.