17-3483-cv
Williams v. Buffalo Board of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand eighteen.

PRESENT:  PETER W. HALL,
                    GERARD E. LYNCH,
                    SUSAN L. CARNEY,
                                *Circuit Judges.*

_____

Yamilette Williams, Ed.D.,

             *Plaintiff-Appellant*,

             v.                                                                          17-3483-cv

Buffalo Public Schools, Board of Education for the City School District of the City of Buffalo, City School District of the City of Buffalo, Pamela Brown, Ed.D. in her official and individual capacity, Darren Brown, in his official and individual capacity, Sharon Belton-Cottman, in her official and individual capacity, Mary Guinn, Ed.D. in her official and individual capacity, Florence Johnson, in her official and individual capacity, Mary Ruth Kapsiak, Ed.M., S.D.A. in her official and individual capacity, John Licata, Esq. in his official and individual capacity, Jason M. McCarthy, in his official and individual capacity, Barbara Seals Nevergold, Ph.D., in her official and individual capacity, Carl Paladino, Esq., in his official and individual capacity, James M. Sampson, in his official and individual capacity, Theresa Harris-Tigg, Ph.D., in her official and

individual capacity,

                              *Defendants-Appellees*.

_____

For Appellant:                                    YAMILETTE WILLIAMS, *pro se*,
                                                  Deltona, Florida.

For Appellees:                                    JOEL C. MOORE, Buffalo Public
                                                  Schools Legal Department, Buffalo,
                                                  New York.


Appeal from an order of dismissal of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on September 28, 2017, is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED**.

Plaintiff-Appellant Yamilette Williams, a school administrator proceeding *pro se*, appeals from the judgment of the district court dismissing for failure to state a claim her breach of contract and negligent termination claims against Defendants-Appellees Buffalo Public Schools, the Board of Education for the City School District of the City of Buffalo ("the Board"), the City School District of the City of Buffalo ("the District"), and several individual administrators and board members, and her defamation claim against individual board member Carl Paladino.   This is not the Court's first encounter with several of the issues presented here, and our disposition of this appeal, it should come as no surprise, tracks substantially our disposition in the remarkably similar case of *Morrison v. Buffalo Bd. of Educ.*, 741 F. App'x 827 (2d Cir. 2018) (summary order).   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues.

We review *de novo* the dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations are assumed true, this tenet does not apply to legal conclusions. *Id.*

## I.     Breach of Contract

To plead a breach of contract claim under New York law, the plaintiff must allege (1) the existence of a contract; (2) her performance under the contract; (3) the defendants' breach of the contract; and (4) damages. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). "Under New York law, '[t]he fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent.'" *Id.* (quoting *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565 (2002)). A contract is the best source of the parties' intent and "if an agreement is 'complete, clear and unambiguous on its face[, it] must be enforced according to the plain meaning of its terms.'" *Id.* (quoting *Greenfield*, 98 N.Y.2d at 569). A district court may dismiss a breach of contract claim at the pleadings stage "only if the terms of the contract are unambiguous." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts." *Id.* (internal quotation marks omitted).

The dispute here focuses on whether Williams's pleadings, taken as true, plausibly alleged

3

that the Defendants breached the contract. *Iqbal*, 556 U.S. at 678. In dismissing the breach of contract claim, the district court determined that Williams failed to satisfy a contractual provision obligating her to maintain professional certifications required by the Department of Civil Service or Department of Education and, therefore, that the Defendants did not violate the contract by firing her. Given the present record, it was error to reach that conclusion as a matter of law. The motion to dismiss should have been denied.

The contract states under Section 13 ("Termination of Agreement by Operation of Law") that, among other things, if Williams "fails to maintain any certifications or qualifications required of h[er] position (*i.e.*, qualifications required by the [New York] Department of Civil Service or State Education Department), then this agreement shall immediately become null and void." J. App. 81. In her pleadings, Williams, who had professional certificates from Oklahoma and Florida, admitted that she lacked the appropriate New York certificate for her position, but she also alleged that "at the time of interview and hiring she truthfully declared her lack of a valid New York State Education Department Certification[.]" *Id.* at 23, 26. Williams further alleged that during her first week, she was advised to apply for, and did promptly apply for, interstate certification reciprocity, and that she later obtained through reciprocity a "conditional School Building Leader's Certificate" from the State Department of Education on December 7, 2013. *Id.* at 26–27. She also alleged that on March 29, 2014, she obtained a "School District Leader Internship Certificate," which was "suitable for a district wide supervision position." *Id.* at 27–28. As a result, Williams maintained that at the time of her firing on April 2, 2014, she held the proper professional certificates required under the contract.

4

The Defendants-Appellees contend, and the district court agreed, that Williams's admission that she did not have the requisite professional certificate at the time of her hiring defeats her breach of contract claim and that her after-acquired certificates did not satisfy the contract's certification requirement. As to the latter point, the Defendants highlight the District's job posting for Williams's position, which provided that candidates must have "a permanent teacher certificate, and a New York State School District Administrator Certificate." Appellees' Br. at 20 (referencing the "Notice of Position," J. App. 85). The contract itself, however, is silent with respect to these certificates. Instead, as noted above, it requires Williams to satisfy the certification requirements of the New York Department of Civil Service or the New York State Education Department. *See Total Telcom Grp. Corp. v. Kendal on Hudson*, 157 A.D.3d 746, 747, 68 N.Y.S.3d 491, 492 (2d Dep't 2018) (explaining courts may determine material contract term using "objective extrinsic event, condition, or standard" referenced within contract itself) (internal quotation marks omitted). Nowhere in the record, however, are there identified the specific state-agency certification requirements referenced in the contract. Nor do the Defendants point to a statute, rule, or regulation from which the requirements may be judicially noticed. As a result, Williams's allegation that her alternative certifications satisfied those requirements, taken as true, supports a plausible breach of contract claim.

Contrary to the Defendants' argument, Williams's admission that she did not have the proper certification at the time of her hiring does not negate her breach of contract claim. New York law provides that a party may waive its contractual rights if they "are knowingly, voluntarily and intentionally abandoned." *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., LP*, 7 N.Y.3d 96, 104, 817 N.Y.S.2d 606, 611 (2006). "Such abandonment may be established

5

by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage." *Id*. (internal quotation marks omitted). Although waivers are "not . . . lightly presumed," whether a party intends to waive a contractual right is generally a question of fact. *Id.* (internal quotation marks omitted). And even though the contract at issue here contains a non-waiver clause, the existence of such a clause does not preclude a waiver of contractual rights. *See TSS-Seedman's, Inc. v. Elota Realty Co.*, 72 N.Y.2d 1024, 1027, 534 N.Y.S.2d 925, 927 (1988); *Stassa v. Stassa*, 123 A.D.3d 804, 806, 999 N.Y.S.2d 116, 119 (2nd Dep't 2014).

Given Williams's allegations that the Defendants knew she did not have a New York certification but hired her anyway, that the Defendants advised her to apply for alternative certifications, which she obtained, and that her Internship Certificate complied with the requirement in the contract, it may be plausibly inferred that the Defendants waived their right to enforce the contract's New York certification requirement—at least as concerns Williams's initial period of non-compliance. *See Awards.com, LLC v. Kinko's, Inc*., 42 A.D.3d 178, 188–89, 834 N.Y.S.2d 147, 156 (1st Dep't 2007) (explaining that, regardless of non-waiver provision, if nonbreaching party continues the contract after a breach, it loses its right to enforce the initial breach, but retains the right to terminate the contract for subsequent breaches). Accordingly, we vacate the district court's dismissal of Williams's breach of contract claim and remand for further proceedings.

## II.    Negligent Termination

The district court dismissed Williams's claim for negligent termination, reasoning that her termination was appropriate under the contract. It did not, therefore, reach the question of whether this cause of action exists under New York law. It appears that New York courts do not

recognize such a claim. *See Lobosco v. N.Y. Tel. Company N.Y. Tel. Company/NYNEX*, 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 385 (2001) ("New York does not recognize the tort of wrongful discharge."). In any event, even if such a claim exists, Williams's relationship with the District was governed by contract, and the well-established rule is that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co*., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656 (N.Y. 1987). Because this claim is governed by contract, and Williams does not plausibly allege that the District owed her a duty beyond the contract's terms, the claim fails. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (Under New York law, if "the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative").

The district court did not specifically dismiss Williams's claim for negligent termination against the individual Defendants. By dismissing her complaint, however, the district court implicitly dismissed that claim as well. Although Williams argues in support of that claim in her reply brief, she failed to raise this argument in her opening brief. It is therefore waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").

## III.    Defamation

Finally, the district court did not err in dismissing Williams's defamation claim against Defendant school board member Paladino, although we affirm for slightly different reasons. *See*

7

*Algarin v. Town of Wallkill*, 421 F.3d 137, 139 (2d Cir. 2005) ("We may affirm on any ground supported by the record").   Defamation is "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." *Foster v. Churchill*, 87 N.Y.2d 744, 751, 642 N.Y.S.2d 583, 587 (1996) (internal quotation marks omitted).    The elements of a defamation claim are (1) a false statement that is (2) negligently, at minimum, (3) published to a third party (4) without privilege or authorization, and that (5) causes harm, unless the statement is per se defamatory.  *Dillon v. City of New York*, 261 A.D. 2d 34, 38, 704 N.Y.S.2d 1 (1st Dep't 1999).   Only false statements of fact are subject to a defamation action; expressions of opinion are deemed privileged.  *Kamchi v. Weissman*, 125 A.D.3d 142, 157, 1 N.Y.S.3d 169, 180 (2nd Dep't 2014).   Determining whether a statement is one of fact or opinion requires consideration of several factors, including "the full context of the communication in which the statement appears," "whether the specific language in issue has a precise meaning which is readily understood," and "whether the statements are capable of being proven true or false."  *Id.* at 157 (quoting *Mann v. Abel*, 10 N.Y.3d 271, 276, 856 N.Y.S.2d 31 (2008)).   "In an action for libel or slander, the particular words complained of shall be set forth in the complaint[.]" N.Y. C.P.L.R. 3016(a).    The complaint also must specify "the time, manner and persons to whom the publications were made." *Vardi v. Mut. Life Ins. Co. of N.Y.*, 136 A.D. 2d 453, 455, 523 N.Y.S.2d 95, 98 (1st Dep't 1988).

Williams's contention that Paladino called her a "hanger[] on," and said that the Board was "dizzy" for retaining her and should never have given her an interview, *see* J. App. 54–56, does not sufficiently allege false statements of fact.   Rather, the statements, which lack "precise

8

meaning" and are not "capable of being proven true or false," constitute privileged opinions. *Kamchi*, 125 A.D.3d at 157. Williams's allegation that Paladino's comments on his website blog indicating that she was illegally hired were "only half true" undercuts the purported falsity of his statements regarding her qualifications and lack of proper licensure as does her acknowledgment that she lacked the appropriate certifications at the time that she was hired. J. App. 23, 57. Finally, Williams's allegation that Paladino disseminated "lies and falsehoods" about her professionalism and qualifications, *id.* at 55, fails to identify the "particular words" underlying that contention. Her claim, therefore, does not allege defamation with the specificity required under New York law. *See* N.Y. C.P.L.R. 3016(a).

We have considered all of Williams's remaining arguments and find them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED** as to William's negligent termination and defamation claims, **VACATED** as to Williams's breach of contact claim, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9